#### IN THE

## SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

AT CORYDON, NOVEMBER TERM, 1823, IN THE EIGHTH YEAR OF THE
STATE.

---

## The BOARD of COMMISSIONERS of *Gibson* county *v.*
## HARRINGTON.

A demurrer to the whole declaration containing several counts, must be over-
ruled if one count be good.

The statute, by giving a remedy against a collector of county revenue by no-
tice and motion, or by requiring from him a bond with sureties for the dis-
charge of his duty, does not thereby exclude the common law remedy in
assumpsit against him for the money collected.

The county commissioners, being a corporate body expressly authorized by
statute to sue and be sued in all matters which concern the county, may
sue a collector of the county revenue who makes default.

A county collector must pay the revenue into the county treasury, not to the
commissioners: and in a suit against him by the commissioners for money
collected, a non-payment to the treasurer must be the breach assigned; not
a non-payment to the commissioners.

*Wednesday,*
*November 5.*

ERROR to the *Gibson* Circuit Court.

BLACKFORD, J.—This is an action of assumpsit. The decla-
ration describes the defendant as collector of the county revenue;
charges him with having collected the taxes for the year 1820;
and avers that he was liable to pay the same to the plaintiffs, but
had failed to do so. There is also the common count for mo-
ney had and received. To this declaration the defendant de-
murred, and assigned the following causes: 1st, that for non-
payment by a collector, a summary remedy by motion is pre-

Nov. Term,
1823.

BOARD COM.
GIBSON Co.
v.
HARRING-
TON.

scribed by statute, which can alone be pursued; 2dly, that the suit should have been instituted in the name of the governor on the collector's bond; 3dly, that the board of commissioners are not competent to sue; 4thly, that the defendant was not bound to pay to the plaintiffs, but only to the county treasurer. Upon this demurrer there was judgment in the Circuit Court for the defendant.

The two first objections apply only to one count; so that were they good, they would not of themselves authorize the judgment against the whole declaration. We consider them, however, both unfounded. As to the first, it may suffice to observe that the statute giving the remedy by notice and motion is an affirmative statute. It furnishes an additional mode of commencing suit, but leaves unimpaired the common law proceeding.

The second objection turns upon precisely the same principle. The taking of a bond from the collector payable to the governor, and the action on it for the benefit of the county, is a statutory remedy. The act of the legislature authorizing it contains no negative terms. The common law remedy in assumpsit against the defendant, for money received by him to the use of the county, is not taken away. In *Chapman* v. *Pickersgill*, 2 Wils. 145, this doctrine is settled. There a bond was given in conformity to the statute 5 Geo. 2 by a petitioning creditor, conditioned for proving the defendant a bankrupt. The complainant failed in the proof, and the defendant sued him, not on the bond, but in an action on the case. The question being then made, it was decided that the party injured was not confined to his statutory remedy on the bond, but might proceed at common law as if the act had never been passed. In *Dawson* v. *Shaver*, *Nov.* term, 1822 (1), it was said that the defendant was not liable except upon the bond; but it must be recollected that that was an action against the surety of the sheriff. There the defendant's liability originated with the bond, and could not exist without it. Had that suit been against the sheriff himself, the decision would have been otherwise.

The third cause of demurrer to the declaration, assigned by the defendant, is, that the board of county commissioners had no authority to sue. Upon this question there can be no doubt. By the express words of the statute the commissioners are a corporate body, invested with the right to sue and be sued in all matters which concern the county. Stat. 1817, p. 254. It is diffi-

cúlt to conceive of a case where the county can be more directly concerned than in the collection of the county revenue.

The fourth point relied on—that the defendant could only be bound to pay to the treasurer—is certainly correct. When a man receives money as collector or otherwise, belonging to the county, it is his duty by law to pay it into the county treasury. In a suit against him, this legal liability must be properly stated; and the breach assigned must be co-extensive with the undertaking, whether expressed or implied. On this ground both the counts in the declaration are defective. They charge the defendant with a liability to pay to the county commissioners, and with a failure of such payment; whereas his only contract with the commissioners, upon receiving money of the county, was to pay it into the county treasury; and for the non-payment *there* only, could a cause of action legally arise. A payment to the board of commissioners would have been no discharge to the defendant. They are authorized by statute to sue, not because the money of the county has not been paid to them, but because it has not been paid to the county through the medium of its treasurer, according to the contract expressed or implied of the person indebted.

*Per Curiam.*—The judgment is affirmed, with costs.

*Hall,* for the plaintiff.

(1) Ante, p. 204.