Sullivan, J.
Assumpsit. The facts are, that Helvey was appointed, by the board of county commissioners, treasurer of Huntington county for tbe year 1838; that during the term of his appointment, the collector of the county and other persons paid to him and to his deputy, Harlin, as a *part of the county i’evenue, an amount exceeding $500 in county orders; that in May, 1839, Helvey appeared before the board of commissioners, with county orders amounting to $416, for the .purpose of settling his account as treasurer, but could not do so on account of the absence of his deputy, Harlin; that Helvey left the orders in possession of one Shearer to be delivered by him to Harlin, *340 to assist him in settling the accounts of Helvey with the board; that in June, 1839, an attempt was made to settle, but no settlement could be made, and the orders were delivered by Shearer, according to Helvey’s direction, to Har-lin. The declaration contains two counts; the first is for money had and received; the second, on an account stated. Plea, non-assumpsit. By consent of parties, the cause was tried by the Court. Judgment for the plaintiffs.
The first objection taken to these proceedings is, that the board of commissioners- had no right to bring this suit. It is contended that it should have been brought by the treasurer of the county, the successor of the plaintiff in error. We see nothing in the statute authorizing the treasurer to sue; but, by the express terms of the law, the commissioners are authorized to sue in all cases where the county is injured in its rights or contracts. On general principles also, the plaintiffs were the proper persons to sue. The Board of Comm’rs of Gibson County v. Harrington, 1 Blackf., 260; Harper v. Ragan, 2 Id., 39.
The next objection is, that, upon the foregoing facts, an action for money had and received is not maintainable. County orders are a species of security that, by the custom of the country, pass by delivery; and they are easily convertible into money. They are frequently used as money, and especially are they so used in payrpents to the county treasurer. It is true, that in the action for money had and received, it must in general appear that, the defendant had received money properly belonging to the plaintiff, yet if property be received by him, which may be readily converted into money, a receipt of money by him may be presumed, until the contrary be proved. Ainslie v. Wilson, 7 Cowen, 662; Hunter v. Welsh, 1 Stark. R., 224; Longchamp v. Kenny, 1 Doug., 137; Tuttle v. Mayo, 7 Johns. R., 132; *Hatten v. Robinson, 4 Blackf., 479. From the great lapse of time since the reception of the orders by Helvey,we think it might be presumed that they had been converted into money by him, or into that which had been *341 received by him instead of it. The fact having been so settled by the proper tribunal, we are not disposed to disturb it.
H. Cooper and T. Johnson, for the plaintiff!
W. Wright, for the defendants.
The position taken by the plaintiff in error, that this suit should have been brought against Harlan, can not be maintained. The orders were in the first place received by Harlan as the agent of Helvey, and were delivered by him to his principal; aud the subsequent delivery of them to Harlan by Shearer, was by the express direction of Helvey. In the case of Stephen v. Badcock, 3 B. & Adolp., 354, it was de-, cided that a client could not maintain an action for money had and received against his attorney’s clerk, by whom money had been received in the absence of his employer belonging to the plaintiff. The reason given was that the clerk was accountable to his employer for the money, and that there was no privity of contract between the clerk and the plaintiff'. On that point, the cases are analogous.
Per Curiam.—The judgment is affirmed, with five per cent. damages and costs.