THE BOARD OF COMMISSIONERS OF FRANKLIN COUNTY, on the relation of BENTLEY, Auditor, &c., v. McILVAIN.

A suit on behalf of a county must be brought in the name of the board of commissioners of the county, and a complaint in the name of the board of commissioners, on the relation of the county auditor, is bad, on a demurrer alleging that the plaintiff has not legal capacity to sue.

APPEAL from the *Franklin* Circuit Court.

RAY, J.—The defendant below, the appellee here, demurred, on the ground that the plaintiff had no legal capacity to sue, and that the facts stated did not constitute a cause of action. The statute provides that the commissioners of the county shall be "a body corporate and politic, by the name and style of 'Board of Commissioners of the county of ——,' and as such, and in such name, may prosecute and defend suits," &c. 1 G. & H. 248. The statute does not authorize the county to sue in any other form, nor does it empower the auditor to sue in the name of the county, or as such auditor, except in the name of the state, in regard to certain trust funds. The court properly sustained the demurrer.

To prevent future useless litigation, we will intimate, that where the board of county commissioners have authorized a bounty to be paid to volunteers, and have received credit from the government for a soldier furnished, and the county order has been delivered, a suit cannot be maintained to recover the order, because the soldier so accepted by the government, on

behalf of the county, is not within the strict letter of the description of the persons to whom the bounty is offered, or because, at some future date, the soldier has been discharged by the government from the military service, while the county still retains credit for the volunteer furnished.

We will also add, as matter of information, that upon the sustaining of a demurrer to a complaint, the code of practice does not absolutely require that a bill of exceptions should be taken, embracing in its limits, in *hæc verba*, the entire complaint, with all the exhibits, the demurrer, the action of the court, the exception taken, and all the entries of the clerk of record in the cause.

The ruling of the court below has been passed upon by this court, in some instances, where the record has not been so voluminous.

The judgment is affirmed, at the costs of the relator.

*H. C. Hanna*, for appellant.

*W. Morrow*, *W. H. Hay* and *J. H. Farquhar*, for appellee.