Ridenour and Others *v.* Wherritt.

The judgment is affirmed, with costs.

*J. H. Stotsenburg* and *T. M. Brown*, for appellant.

*G. V. Howk* and *R. M. Weir*, for appellee.

---

RIDENOUR and Others *v.* WHERRITT.

TRUSTS AND TRUSTEES.—Suit for a breach of duty by defendants as trustees, in surrendering and allowing to be canceled certain bonds executed by a railroad company and held by defendants in trust to secure the repayment of certain sums advanced to the company by a town, the plaintiff's assignor.

*Held,* that the railroad company was not a necessary party defendant.

*Held,* also, the contract by the town with the company not being prohibited by any statute, that the mere lack of power in the town to loan money could not be taken advantage of by the borrower, or by the defendants.

*Held,* also, that an acceptance of the trust in writing by the trustees was not necessary to fix their liability.

SAME.—*Damages.*—The complaint showed that the company was in default by

a violation of its agreement to apply the net earnings of the road to the liquidation of the debt assigned to the plaintiff, and that the plaintiff was injured by the wrongful act of the defendants in a certain amount.

*Held,* that the complaint was not defective for not alleging that the debt from the railroad company was due, and a failure to pay.

PRINCIPAL AND AGENT.—*Reimbursement of Agent.*—An indebtedness of a railroad company to a town was assigned in writing to one who purchased with his own money, but was acting at the time as the agent of the company.

*Held,* that the company could not have the benefit of the purchase without an offer to pay, and that it was immaterial in what light the town council regarded the transaction.

APPEAL from the Fayette Common Pleas.

GREGORY, J.—Suit by Wherritt against Ridenour, Roots, and Claypool, for a breach of duty as trustees, in surrendering and allowing to be canceled certain bonds executed by the Junction Railroad Company, held by them for the use of, and in trust for, the plaintiff's assignor, to secure the repayment of certain sums advanced to the railroad company. A demurrer to the complaint was overruled, and this is assigned for error.

It is objected to the complaint, that the railroad company was not made a party defendant. There is no force in this objection. The liability of the trustees to the plaintiff, as assignee of the town of Connersville, for the breach of duty complained of, was disconnected with any liability of the railroad company.

It is claimed that the contract with the town of Connersville under which the money was advanced is void, on the ground that the town had no power under its charter to loan money. The contract is not prohibited by any statute. The mere lack of power in the town to loan money could not be taken advantage of by the borrower, nor could it avail these defendants. The case is not within the rule, that contracts prohibited by statute will not be enforced by the courts.

It is urged that, as there was no acceptance of the trust in writing, there is no liability on the trustees to answer for

Ridenour and Others *v.* Wherritt.

the debt of another. The liability arises out of a violation of duty resting upon the trustees themselves, and not to answer for the debt of the company.

It is claimed that the complaint is defective, for not showing that the debt from the railroad company was due, and a failure to pay. The complaint does show that the railroad company was in default by a violation of its agreement to apply the net earnings of the road to the liquidation of the debt. And, moreover, it is shown that the plaintiff was injured by the wrongful act of the defendants to the amount of recovery.

The next question arises on the action of the court below in sustaining a demurrer to certain paragraphs of the answer.

The plaintiff purchased the claim sued on with his own money, but was acting at the time as the agent of the railroad company. The paragraphs demurred to do not show an offer to pay the agent. There is a paragraph, upon which an issue was formed and found against the appellants, in which the agency is averred and a tender of the amount paid. We hold that the issue tried fairly presented the question of agency. If the plaintiff used his own money in the purchase, the railroad company cannot have the benefit thereof without an offer to pay.

It is immaterial in what light the town council regarded the transaction. The assignment was in writing and made to the plaintiff.

The judgment is affirmed, with costs.

*J. S. Reid* and *B. F. Claypool*, for appellants.

*J. C. McIntosh*, for appellee.