BAKER v. THE BOARD OF COMMISSIONERS OF WASHINGTON COUNTY.

BOND.— *Consideration.*—A bond for the payment of money imports a consideration, like a bill of exchange or promissory note, and therefore need not recite any consideration.

SAME.— *County Commissioners.* — *Power to Contract.*— Where a penal bond for the payment of money (and therefore importing an executed consideration) has been taken by a board of county commissioners, the obligor having authority to make it, the right of the board to recover in an action thereon cannot be denied on the ground of want of authority to take it, where it does not appear but that the money, for the payment of which the bond was given, is due the board as a corporation in the exercise of its legitimate power.

From the Washington Circuit Court.

*T. L. Collins* and *A. B. Collins,* for appellant.

*F. L. Prow,* for appellee.

BIDDLE, J.—Suit on a penal bond, in the ordinary form, made to the board of commissioners of the county of Washington, for the payment of two hundred dollars, with a condition that if the obligors, or either of them, shall pay the said board, or their agent of the three per cent. fund, the sum of one hundred and twenty dollars, the bond shall be void.

A demurrer, alleging a want of facts, was overruled to the complaint. An answer of several paragraphs was filed, to the first and second of which separate demurrers, alleging the same cause, were sustained. Exceptions were taken to each of these rulings, which present the only questions in the case.

The appellant, in support of his alleged error against the complaint, urges:

1. That the bond, which is the basis of the action, fails to recite any consideration.

Bonds for the payment of money, like bills of exchange and promissory notes, import a consideration. It therefore need not be alleged.

VOL. LIII.—32

2. That the board of commissioners had no authority, express or implied, to take such a bond, and, therefore, that the bond is void.

In considering this question, we must keep in mind the distinction between bonds made *against* the authority of law, and bonds made merely *without* the authority of law. The former, as a general rule, are void. The latter are sometimes valid. And it may be laid down as a general rule, that where either the obligor or obligee is without authority to make the bond, and it remains wholly executory, the courts will not enforce the obligation, although it may not be against authority of law.

Another distinction should also be remembered, between cases wherein the obligor, after he has received the consideration, sets up his own want of authority to make the bond, in avoidance of his obligation, and those cases wherein the obligor has authority to make the bond, but, before the consideration has been received, he sets up as a defence the want of authority in the obligee. In the former class of these cases the courts will go as far as is consistent with the fixed rules of law, to reach the justice, equity and good conscience of the case; in the latter class, when the obligation remains wholly executory, it will not be enforced.

In the case before us, there is no doubt that the obligor had authority to make the bond, and the bond itself imports an executed consideration. The question, then, is brought down to this: on such a bond can the obligee recover?

Early in the history of our State, in the case of *The Board of Commissioners of Gibson County* v. *Harrington,* 1 Blackf. 260, it was held, that the common law remedy in favor of the board, for money had and received for the use of the county, was not taken away by statute.

The same rule was held in *Helvey* v. *The Board of Commissioners of Huntington County,* 6 Blackf. 317. Of course, the money must be due to the board as a corporation in the exercise of their legitimate power.

If money thus due may be recovered on a common count,

we cannot see why it could not be recovered on a bond given for the same money; and as there are many instances where money may be legitimately due the board, we cannot presume—there being no allegations in the pleadings to the contrary—that the money due upon this bond is not of that character.

Thus, we are conducted to the conclusion that the complaint in this case is sufficient. The following authorities will sustain us in these views: *Ridenour* v. *Wherritt*, 30 Ind. 485; *Smead* v. *The Indianapolis, Pittsburgh and Cleveland R. R. Co.*, 11 Ind. 104; *The State Board of Agriculture* v. *The Citizens Street Railway Co.*, 47 Ind. 407; *The Board of Commissioners of Tippecanoe County* v. *The Lafayette, Muncie and Bloomington R. R. Co.*, 50 Ind. 85.

The first and second paragraphs of answer are so clearly insufficient that we do not discuss them.

The judgment is affirmed, with costs and ten per cent. damages.