Driskill v. The Board of Commissioners of Washington County.

---

DRISKILL v. THE BOARD OF COMMISSIONERS OF WASHINGTON COUNTY.

PRINCIPAL AND SURETY.—*Notice of Surety Requiring the Institution of Suit.*— A surety upon a contract in writing, on which the right of action has accrued, cannot avail himself of the remedy provided by sections 672 and 673 of our code of practice, by giving notice in writing to an attorney of the creditor or obligee directing such attorney forthwith to institute an action upon the contract.

Driskill *v.* The Board of Commissioners of Washington County.

From the Washington Circuit Court.

*H. Heffren,* for appellant.

*F. L. Prow,* for appellee.

Howk, J.—The appellee, as obligee, sued the appellant and one Daniel B. Driskill, as obligors in a penal bond given to secure the payment to appellee, or their agent of the three per cent. fund, of a certain sum of money, at a certain time. Appellant demurred to appellee's complaint, for a want of sufficient facts. This demurrer was overruled, and appellant excepted. Appellant then answered the complaint in three paragraphs. Appellee demurred separately to the second and third paragraphs of the answer, upon the ground, as to each of said paragraphs, that it did not state facts sufficient to constitute a defense to the action. These demurrers were severally sustained by the court below, and to each of said decisions appellant excepted. Appellee dismissed its action as to said Daniel B. Driskill; there was a trial by the court below, and a finding against the appellant for the amount due on the bond, and judgment entered accordingly.

In this court appellant has assigned on the record the following errors:

1. Overruling appellant's demurrer to appellee's complaint.

2. Sustaining appellee's demurrer to the second paragraph of appellant's answer.

3. Sustaining appellee's demurrer to the third paragraph of appellant's answer.

The only questions presented to this court for consideration and decision, by the first and third of the alleged errors, relate to the validity of the bond sued on, and the power and authority of the appellee to loan money upon and accept of such a bond. In the case of *Baker* v. *The Board of Commissioners of Washington County, ante,* p. 497, the bond in suit is almost identical in its terms with the bond sued on in this action; and the same questions as those here pre-

sented were fully considered by this court in that case and decided adversely to the appellant. Following the authority of the case cited, we hold, in this case, that the court below did not err, either in overruling appellant's demurrer to appellee's complaint, or in sustaining appellee's demurrer to the third paragraph of appellant's answer.

The second alleged error presents a question as to the sufficiency of the facts stated in the second paragraph of appellant's answer to constitute a defence to the action.

It is averred in the second paragraph of the answer, that appellant was only a surety upon the bond sued on by appellee, which fact appellee, at the time of the execution of the bond, well knew; that appellant never received, directly or indirectly, any of the money for which said bond was executed; that the bond became due on the 19th of March, 1864; that appellant, on the 22d of March, 1875, notified Fred. L. Prow, the attorney of the appellee, in writing, that he was only security for his co-defendant, Daniel B. Driskill, and directed said attorney to institute proceedings at once upon said bond for its collection, and that he would stand responsible no longer; that at the same time, in said written notice, he informed said Fred. L. Prow, attorney as aforesaid, that said Daniel was making preparations to leave the county; that said Daniel remained in the county for the space of twenty days, during which time appellee made no attempt to have process served on him, nor did the appellee commence, or attempt to commence any proceeding against said Daniel, until the 3d day of June, 1875; that the total amount due appellee, on the 22d day of March, 1875, was one hundred and twenty-four dollars, which was within the jurisdiction of a justice of the peace; wherefore, the appellant said, that the appellee was "guilty of gross and wilful negligence."

It is evident that the appellant, in this second paragraph of his answer, has attempted to frame a defence to the action which would be good under the requirements of sections 672 and 673, of our practice act.

Section 672 provides as follows:

"Sec. 672. Any person bound as surety upon any contract in writing for the payment of money, or the performance of any act, when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute an action upon the contract." 2 R. S. 1876, p. 276.

In the paragraph of appellant's answer now under consideration, the written notice did not require the creditor or obligee in the bond sued on to institute an action upon the contract; but instead thereof, the notice mentioned in this paragraph was to Fred. L. Prow, who is described as the appellee's attorney, and directed him, and not the appellee, to institute proceedings on the bond. It is clear, we think, that the written notice described in this paragraph of the answer is not such a notice as the section quoted requires to be given. The remedy given by sections 672 and 673 of our code of practice to sureties upon written contracts is purely a statutory remedy, and has never been regarded, in this State, as a part of the common law. *Halstead* v. *Brown*, 17 Ind. 202. The surety who desires to avail himself of this remedy must do just what section 672, in plain terms, requires him to do; he must, by written notice, require the creditor or obligee to institute an action upon the contract. In our opinion, the notice in this case was clearly insufficient, and, therefore, the demurrer to the second paragraph of the answer was properly sustained.

We find no error in this cause.

The judgment of the court below is affirmed, with ten per cent. damages, at the costs of the appellant.