Sturgeon *et al. v.* The Board of Commissioners of Daviess County.

---

STURGEON ET AL. *v.* THE BOARD OF COMMISSIONERS OF DAVIESS COUNTY.

MORTGAGE.—*Complaint for Foreclosure.— Copy of Acknowledgment Unnecessary.—Recording Instrument.--Defence.*—In an action by the mortgagee, against the mortgagor and a subsequent purchaser, to foreclose a mortgage on real estate, the complaint alleged that the mortgage had been duly executed and recorded, setting out a copy thereof which did not show any certificate of acknowledgment.

Sturgeon *et al. v.* The Board of Commissioners of Daviess County.

*Held,* on demurrer, that the acknowledgment is no part of the cause of action, and a copy thereof is not necessary, and that the reasonable inference from the averments of the complaint is that the mortgage had been duly acknowledged.

*Held,* also, that the want of an acknowledgment should, in such case, be set up affirmatively as a defence.

SAME.—*Illegal Loan by County Commissioners.— Ultra Vires.*—In an action by a board of county commissioners, upon a promissory note, and to foreclose a mortgage on real estate given to secure the payment of the note, both executed to the plaintiff, the mortgagor answered, alleging that the consideration for the note was an illegal, unauthorized loan to him, by the plaintiff, of a sum of money belonging to the "court-house fund" of such county.

*Held,* on demurrer, that the answer is insufficient.

From the Daviess Circuit Court.

*J. W. Burton, W. J. Mason* and *W. D. Bynum,* for appellants.

NIBLACK, J.—The Board of County Commissioners of the county of Daviess brought this action against William A. Sturgeon and William J. Mason, to foreclose a mortgage.

The complaint stated, that, on the 21st day of November, 1871, the defendant Sturgeon, by his promissory note of that date, a copy of which was filed with the complaint, promised to pay the plaintiff, on or before the 10th day of April, 1873, the sum of five hundred dollars, without relief from valuation laws, and with nine per cent. interest, payable annually in advance, and also reasonable attorney's fees in case of suit on the note; that the said Sturgeon executed a mortgage on an eighty-acre tract of land in Daviess county, particularly describing it, to secure the payment of said promissory note, a copy of which mortgage was also filed with the complaint; that said mortgage was filed for record the day after its execution and was recorded in the proper record in the recorder's office of the said county of Daviess; that, since the execution of said mortgage, the said Sturgeon had sold and conveyed the land embraced within it to his codefendant Mason;

and that said note remained unpaid.    Wherefore a foreclosure of the mortgage was demanded.

The copy of the mortgage filed with the complaint did not have anything attached to, endorsed upon or accompanying it, showing that the mortgage had been acknowledged before it was recorded.

The defendants demurred separately to the complaint, but their demurrers were severally overruled.

Mason then answered in general denial, and Sturgeon answered, admitting the execution of the note, but averring that the consideration for which the note and mortgage were executed was a pretended loan to him by said board of commissioners, out of a fund known as "the court-house fund," levied and collected by said board from the tax-payers of said county of Daviess, for the special purpose of erecting a new court-house in said county; also averring that said board of commissioners acted without any legal authority as a corporation, in making said pretended loan and in taking said note and mortgage.    Wherefore he, the said Sturgeon, was not liable to pay said note to said board of commissioners, but was liable, if at all, to the tax-payers of said county.

The court sustained a demurrer to this separate answer of Sturgeon, and, he declining to answer further, the complaint was taken as confessed as against him.    The cause being submitted to the court for trial, the court made a finding in favor of the plaintiff, for the amount of the note, with interest, including an attorney's fee, and decreed the foreclosure of the mortgage and a sale of the mortgaged premises to pay the amount thus found due.

The appellants contend, that the complaint was, at all events, insufficient as against Mason, because there was no averment in it, or memorandum or writing attached to, endorsed upon or connected with the copy of the mortgage, accompanying it, as above stated, showing that the mort-

gage was properly acknowledged before it was recorded, and no averment charging that Mason had actual notice of the existence of said mortgage, at the time of his purchase of the mortgaged premises.

It is true, as the appellants claim, that, if the mortgage was not properly acknowledged before it was placed on record, the record of it was not constructive notice to Mason of the mortgage when he afterward purchased the mortgaged premises. But we are of the opinion that the allegation that the mortgage was recorded in the proper office fairly carried with it the presumption that the mortgage was properly prepared for record before it was so recorded, and left it a matter to be set up in defence, if in fact the mortgage was not acknowledged before it was so placed upon record.

The filing of the copy of the mortgage with the complaint, without a certificate of acknowledgment attached to it, was a sufficient compliance with section 78 of the code requiring a written instrument constituting the foundation of the action, or a copy of it, to be filed with the complaint.

A certificate of acknowledgment attached to a mortgage forms no part of the mortgage itself, but is an instrument separate and distinct from the mortgage. *The State* v. *Dufour*, 63 Ind. 567.

We see no objection to the sufficiency of the complaint as against either of the appellants.

The appellants further contend, that the court erred in sustaining the demurrer to the separate answer of Sturgeon ; that the boards of commissioners of the several counties are tribunals of inferior and limited jurisdiction, possessing only such powers as are conferred upon them by law ; that, as such commissioners are not expressly authorized to loan the money belonging to their respective counties, a loan by them of any of the funds of their coun-

ties is necessarily a wrongful and unlawful act which could not constitute a valid consideration for the execution of a note and mortgage for the repayment of such loan; that the acceptance of such a note and mortgage by the commissioners is *ultra vires*; and that, hence, no action could be maintained by such commissioners upon a note and mortgage executed for the repayment of a loan thus unlawfully made by them.

It is unquestionably true that the boards of commissioners of the several counties are, as to the general administrative and judicial functions possessed by them, tribunals of inferior and limited jurisdiction, and only authorized to exercise such powers as are expressly or impliedly conferred upon them by statute; but they are, at the same time, corporations having all other duties, rights and powers incident to corporations, not inconsistent with the law of their creation and the various statutes prescribing their duties. *Haag* v. *The Board of Commissioners of Vanderburgh County*, 60 Ind. 511.

In Sedgwick on Statutory and Constitutional Law, p. 73, 2d edition, it is said:

" It must be further borne in mind, that the invalidity of contracts made in violation of statutes, is subject to the equitable exception, that, although a corporation, in making a contract, acts in disagreement with its charter, where it is a simple question of capacity or authority to contract, arising either on a question of regularity of organization or of power conferred by the charter, a party who has had the benefit of the agreement can not be permitted, in an action founded on it, to question its validity. It would be in the highest degree inequitable and unjust to permit the defendant to repudiate a contract, the fruits of which he retains. And the principle of this exception has been extended to other cases. So, a person who has borrowed money of a savings institution upon his promissory note, secured by a

pledge of bank stock, is not entitled to an injunction to prevent the prosecution of the note, upon the ground that the savings bank was prohibited by its charter from making loans of that description."

The case of *The Steam Navigation Company* v. *Weed,* 17 Barb. 378, was one to recover money loaned. The defence was, that the corporation had no power to loan the money; and it was held that the defendant was not at liberty to avail himself of the defence. The court, in that case, drew a distinction between the violation of an express statute and the mere want of power to make the contract alleged to be unlawful; recognizing the law to be, in that respect, as above laid down by Sedgwick.

These authorities are well sustained by the cases to which they refer, and are, we think, fully applicable to, and decisive of, the question now before us.

It is to the corporate powers of the board of commissioners of the county of Daviess to which we have to give a construction in this case, rather than to their administrative or judicial powers. *The State Board of Agriculture* v. *The Citizens' Street Railway Co.,* 47 Ind. 407, and authorities there cited; *Halstead* v. *The Board of Comm'rs of Lake County,* 56 Ind. 363; *Baker* v. *The Board of Comm'rs, etc.,* 53 Ind. 497; *Driskill* v. *The Board of Comm'rs, etc.,* 53 Ind. 532.

We are very clearly of the opinion, that there was no error in the decision of the court upon the demurrer to Sturgeon's separate answer, as complained of by the appellants.

What we have said practically disposes of all the questions fairly raised upon the record.

The judgment is affirmed, at the appellants' costs.