Caldwell *et al. v.* The Board of Commissioners of the County of Fayette.

---

No. 9009.

## CALDWELL ET AL. *v.* THE BOARD OF COMMISSIONERS OF THE COUNTY OF FAYETTE.

| 80 | 99 |
| 145 | 42 |
| 145 | 512 |

COUNTY COMMISSIONERS.—*Corporate Name.*—*Capacity to Sue.*—*Defalcation.*— When a county board takes notes in adjustment of the defalcation of a county treasurer, it may sue upon them in its corporate name, as fixed by section 5735, R. S. 1881.

PLEADING.—*Promissory Note.*—*Failure of Consideration.*—*Harmless Error.*— *Practice.*—In a suit on a promissory note, where the answer contains a paragraph alleging failure of consideration, other paragraphs alleging facts showing failure of consideration are useless, and it is not available error to sustain demurrers to them, or to overrule demurrers to replies to them.

EVIDENCE.—*Leading Questions.*— *County Treasurer.*— *Defalcation.*— Suit on promissory notes executed in adjustment of an alleged defalcation of a

Caldwell *et al. v.* The Board of Commissioners of the County of Fayette.

county treasurer, by his sureties.  On the trial, the defendants produced
the treasurer as a witness, and propounded such questions as these to
him:  Did you, at the time, etc., pay over to your successor and account
for all moneys in your hands as treasurer?  Did you, during your term
of office, convert to your own use, or, after you had surrendered posses-
sion, etc., retain any money that you had collected as treasurer?

*Held,* that there was no error in refusing to allow them, because (1) they
were leading, and (2) they called for general conclusions, rather than facts
on which the jury might base conclusions.

ASSIGNMENTS OF ERROR.—*Supreme Court.*—Where the granting of a change
of venue has not been specified as a cause for new trial, and is not as-
signed as error, it can not be questioned in the Supreme Court.

From the Rush Circuit Court.

*T. M. Little, J. I. Little, R. Conner* and *H. C. Fox* for ap-
pellants.

*B. F. Claypool* and *J. H. Claypool* for appellee.

FRANKLIN, C.—Appellee sued appellants in the Fayette
Circuit Court, on two promissory notes.  The venue was
changed to the Rush Circuit Court, where the cause was tried.

The notes were executed by appellants, who were sureties
for one Nelson, on his official bond as treasurer of said Fay-
ette county.  They were given upon an adjustment of an al-
leged defalcation of said treasurer, for the balance found due
the county.  Nelson had been treasurer two terms, and had
given two bonds:  the first term and bond extending from Sep-
tember 3d, 1873, to September 3d, 1875; the second term and
bond from September 3d, 1875, to September 3d, 1877.  All
of appellants were on the second bond except Jeffrey, who,
with a part of the others, was on the first bond.  Nelson was
insolvent, and did not sign the notes.  The notes were exe-
cuted on the 10th day of December, 1877.  The notes were
for $4,021.87 each, due in one and two years, and were made
payable at The First National Bank of Connersville, Indiana,
with six per cent. interest from date.

Appellants jointly answered in seven paragraphs: 1st. De-
nial.  2d. Payment.  3d. Want of consideration.  4th. Spec-
ial failure of consideration.  5th. Want of consideration,

because appellee had no power to accept the notes and enforce their collection. 6th. Failure of consideration for same reason. 7th. Want of power in appellee, plead in abatement.

Appellee filed a demurrer separately to each of the 3d, 4th, 5th, 6th and 7th paragraphs of the joint answer. The demurrer was overruled to the 3d and 4th, and sustained to the 5th, 6th and 7th.

Appellant Jeffrey filed a separate answer in five paragraphs: 1st. Denial. 2d. Special want of consideration. 3d. Special failure of consideration. 4th. Payment. 5th. General want of consideration. A demurrer was sustained to the second paragraph of Jeffrey's separate answer. Reply in two paragraphs: 1st. Denial. 2d. As to joint answer, that the notes were executed upon a settlement, and as a compromise of the amount due the county from said Nelson as such treasurer. A demurrer to the second paragraph of the reply was overruled. Trial by court, finding for appellee, and, over joint and separate motions for a new trial, judgment was rendered for appellee for $6,461.51. Exceptions were properly reserved to the various rulings.

Appellants have jointly assigned in this court the following errors:

1st. In sustaining the demurrers to the 5th, 6th and 7th paragraphs of the joint answer.

2d. In sustaining the demurrer to the 2d paragraph of the reply.

3d. In overruling the motion for a new trial.

Appellant Jeffrey has separately assigned the following errors:

1st. In sustaining the demurrer to the second paragraph of his separate answer.

2d. In sustaining an objection to a question asked by appellant of witness George W. Nelson.

3d. In overruling his motion for a new trial.

4th. In rendering judgment in favor of the board of commissioners of the county of Fayette.

The notes are made payable to the board of commissioners of the county of Fayette, and the question presented upon the sustaining of the demurrers to the 5th, 6th and 7th paragraphs of the joint answer, is, can appellee maintain this suit?

The 5th section of chapter 78, 1 R. S. 1876, p. 350, entitled "An act providing for the organization of county boards," etc., reads: "Such commissioners shall be considered a body corporate and politic by the name and style of 'the board of commissioners of the county of ————,' and as such, and in such name, may prosecute and defend suits, and have all other duties, rights and powers incident to corporations, not inconsistent with the provisions of this act." The 13th section of the same act provides that said commissioners shall have power to make orders respecting the property of the county; to allow all accounts; to direct raising of money necessary to defray the expenses; to audit the accounts of all officers having the care, management, collection or disbursement of any money belonging to the county, and to perform all other duties that may be enjoined on them by law. Under these provisions of the statute, the county board has the general management of the funds of the county. The other county officers, auditor and treasurer, in many respects, act under its directions. When suit is to be brought to collect any of the trust funds, or upon an official bond, the county auditor, when required by the board of commissioners, shall commence the suit in the name of the State of Indiana, on his relation. *Cabel* v. *McCafferty,* 53 Ind. 75, and the statutes and former decisions of this court therein cited. Had there been no adjustment of this claim, and a suit had to be commenced upon the treasurer's bond in order to collect the deficiency, then it would have to be brought in the name of the State on the relation of the auditor. But in this case the amount was agreed upon, and notes therefor executed, made payable to the board of commissioners. If the board has a right to sue, as is provided for by the foregoing statute, and can not sue upon an obligation made payable to it, upon what else could it sue? The

act authorizing county auditors to prosecute suits in the name of the State was approved May 31st, 1852. And the act authorizing county boards to sue was approved June 17th, 1852. If there is a conflict in the authority to sue, the latter act will control, being of subsequent date. But, we think, there is no serious conflict. In the case of *The Board, etc., ex rel. Bentley,* v. *McIlvain,* 24 Ind. 382, this court, after referring to said 5th section of the statute providing for the organization of county boards, says: "The statute does not authorize the county to sue in any other form, nor does it empower the auditor to sue in the name of the county, or as such auditor, except in the name of the State, in regard to certain trust funds. The court properly sustained the demurrer." That was a suit for money claimed to be due the county, and the demurrer was sustained to the complaint because it was not in the name of the board of commissioners alone, without being on the relation of the auditor. The case of *Vanarsdall* v. *The State, ex rel. Watson,* 65 Ind. 176, was a suit upon a promissory note executed to the treasurer for the use of the county and a mortgage to secure the same, executed to the board of commissioners. In that case, this court held that the board of commissioners of a county has the right to either execute, receive or assign a promissory note and mortgage necessary to the transaction of its legitimate business, and that an action may be properly brought in the name of either the proper board of county commissioners, or of the State on the relation of the proper county auditor, and the case of *The Board, etc.,* v. *McIlvain, supra,* is cited as authority. In the case of *The Board, etc.,* v. *Saunders,* 17 Ind. 437, this court held, that "the board of county commissioners have a supervisory control over the finances of the county, and consequently have the power to settle in reference to the same, and to bind the corporation by such settlement." And, we might add, bind the party with whom it settles. The case of *Sturgeon* v. *The Board of Commissioners of Daviess County,* 65 Ind. 302, fully sustains the foregoing cases, and holds that an answer setting

up want of authority in the board of commissioners, is insufficient, and a demurrer should be sustained to it.

It is clear, therefore, we think, that there was no error in sustaining the demurrers to 5th, 6th and 7th paragraphs of the joint answer of appellants.

The second error assigned in the joint assignment is an error in the assignment; the demurrer to the second paragraph of the reply was overruled, instead of being sustained. If we were to treat it, as the pleader doubtless intended, as an assignment of error in overruling the demurrer, we should still hold that there was no error in the ruling. Of course, appellants could show in the evidence fraud or mistake in the settlement and compromise, if such existed, but the reply upon its face was good as against a demurrer.

The third error in the joint assignment is the overruling of a motion for a new trial. The reasons for a new trial are: 1st and 2d, that the finding is not sustained by the evidence, and is contrary to law. 3d. Error in not requiring a witness, George W. Nelson, to answer certain questions while testifying. The evidence supported the finding, and the finding is not contrary to law. The questions asked the witness Nelson, to which the court sustained objections, are as follows:

" 1st Question. Did you at the time you surrendered the possession of your office to your successor, or afterwards and prior to the time of the execution of the notes sued on, pay over and account for all moneys in your hands as treasurer?

" 2d Question. Did you at the time your term of office expired, or at the time your successor took possession of the said office, pay over to your successor all moneys that you had collected as such treasurer, and had not before that time disbursed as such?

" 3d Question. Did you during the time of your continuance in said office, or afterwards, convert to your own use any of the funds belonging to said county, that you had collected for or held as treasurer of said county?

" 4th Question. After you had surrendered the possession

Caldwell *et al. v.* The Board of Commissioners of the County of Fayette.

of your said office to your said successor, did you retain any money in your hands that you had collected for or held as treasurer of said county ?"

There are sufficient objections to these questions. 1st. They are leading, and the court had a discretionary right not to require them to be answered, and we think the court exercised that discretion properly. 2d. The witness was asked to answer as to general conclusions, without stating the facts upon which the conclusions were to be based. The court properly sustained the objections to these questions.

There was no error in overruling the joint motion for a new trial.

The first error separately assigned by appellant Jeffrey is in sustaining the demurrer to the second paragraph of his separate answer.

In this paragraph he admits the execution of the notes, and says that there was a "failure of consideration for said notes as to this defendant in this, to wit, said notes were executed by this defendant, in so far as he was concerned, for the following consideration: That he, the said Ephraim Jeffrey, with others, were sureties upon a bond dated September 3d, 1873, given by one George W. Nelson to the State of Indiana, conditioned for the faithful performance of his duties as treasurer of Fayette county, in the State of Indiana, for and during the term of two years from the — day of September, 1873; that at the time of the execution of the notes in suit, the plaintiff claimed that the said Nelson was a defaulter in his said office, during said two years, in the amount of the notes in suit; whereas, in truth and in fact, said Nelson had made no default or defalcation during said term of office; but fully and faithfully accounted for any and all moneys and other property that came into his hands, to the proper authority and his successor in office, as required by law and this plaintiff. This defendant further says that he is not a surety or guarantor for all or any one of his co-defendants in this action.

Wherefore he says that the consideration for which he executed said notes to the plaintiff herein has wholly failed."

This paragraph attempts to inferentially set up a different consideration for him than existed for the other co-defendants, and limit the consideration as to him, to his liability on the first bond of said treasurer. But he does not allege that his liability on the first bond was the only consideration for the notes, or for his executing the notes. The defendants were all joint principals in the notes to the full extent of all the consideration for the notes. Had there been no settlement and compromise made, and no notes given, then appellant Jeffrey, upon a suit upon the bond or bonds, might have limited his liability to any defalcation under the first bond. But we think the execution of the unconditional notes estops him from setting up that defence; but if it should be regarded as a good answer of failure of consideration, no harm was done by sustaining a demurrer to it, for the reason that all the evidence that could have been given under it, could also have been given in evidence under the 5th paragraph, of a want of consideration, as plead in his separate answer and not demurred to.

There was no error in sustaining the demurrer to this paragraph of the separate answer.

The second error assigned in Jeffrey's separate assignment, is the sustaining of an objection to a question asked by appellant of the witness Nelson. This is not a proper specification in the assignment of errors. If presented, it must be in the reasons for a new trial, as an irregularity occurring at the trial. *Shoemaker* v. *Smith,* 74 Ind. 71.

The third error stated in the separate assignment of Jeffrey, is the overruling of the motion for a new trial.

The first, second and third reasons for a new trial are the same as have been considered in the joint motion.

The fourth reason is the same as the second error assigned. The question to which an objection was sustained is as follows: "State whether or not, during your second term as treasurer, you accounted to yourself as such treasurer, for all the

moneys and other property received by you as treasurer during your first term?" We think this question, although a little different in form, is substantially the same as those ruled upon in the joint motion for a new trial, is immaterial, and liable to the same objections. There was no error in overruling the motion for a new trial.

The fourth separate error assigned is that the court erred in rendering judgment in favor of the board of commissioners of Fayette county.

By this assignment appellant attempts to raise, and he discusses the same question that has been disposed of under the demurrer to the 5th, 6th and 7th paragraphs of the joint answer. As is shown, the appellee had the right to make the settlement, accept the notes, and prosecute this suit. There was no error in rendering the judgment in its favor.

Counsel on both sides have discussed the question as to the legality of the change of venue from Fayette to Rush county. This question has not been included as a reason for a new trial in any of the motions therefor, and, therefore, is not embraced in any of the errors assigned, and is not in the record in such a way as to present any question for decision.

We find no error in this record. The judgment below ought to be affirmed.

PER CURIAM.—It is, therefore, ordered upon the foregoing opinion, that the judgment below be and the same is in all things affirmed, with costs.