SHILLING ET AL. *v.* STATE, EX REL. BOARD OF COMMISSIONERS OF MARION COUNTY.

[No. 19,686.   Filed December 13, 1901.   Rehearing denied March 13, 1902.]

FEES AND SALARIES.—*Constitutional Law.*—The fee and salary law of 1891 by the amendment of 1893 was freed from the constitutional invalidity as to auditors, treasurers, and recorders held to exist against it as originally enacted. *p. 186.*

OFFICERS.—*Bonds.*—*Actions.*—*Fee and Salary Law.*—*Recorder.*—An action may be maintained on the bond of a county recorder under §7543 Burns 1901 for failure to pay over to the county treasurer fees collected by him as such officer as provided by the fee and salary law of 1891. *pp. 186, 187.*

COUNTIES.—*Actions Brought by Board of County Commissioners.*—The board of county commissioners is a body corporate, and, as such, has the power to prosecute and defend suits and exercise all other powers and rights incident to corporations, not inconsistent with the laws of the State, and all actions on behalf of the county must be brought in the name of the board of commissioners of such county, unless the law provides otherwise. *p. 188.*

From Marion Circuit Court; *H. C. Allen*, Judge.

Action by the State on the relation of the board of commissioners of Marion county on the bond of William E. Shilling as recorder of said county for fees collected and not paid over. From a judgment in favor of relator, defendants appeal. *Affirmed.*

*W. N. Harding, A. R. Hovey* and *C. S. Wiltsie*, for appellants.

*M. M. Hugg* and *P. W. Bartholomew*, for appellee.

MONKS, J.—Appellant Shilling was elected recorder of Marion county at the general election of 1894, and on November 14th of that year entered upon the discharge of his

duties as such officer, having before that time taken his oath of office and executed his official bond, with his co-appellants as his sureties,—in all respects as required by law.    From November 14, 1894, until the 20th day of June, 1895, he collected and took into his possession, as such recorder, fees amounting to $10,451.15.    His salary as such recorder for said time was $6,813.89.    The difference between the amount of fees collected by him and his salary for that time was $3,637.26.    He never paid over said fees or any part thereof to said county, or made any report thereof, as required by the fee and salary law of 1891 and the amendment of 1893.    The relator, the board of commissioners of Marion county, brought this action against said Shilling, and his sureties upon said official bond as such recorder, to recover the fees collected in excess of his salary during the period mentioned.    As the bond was only for $2,000, a judgment was only rendered for that amount.

It is first insisted that the fee and salary law of 1891 was unconstitutional and void as to county recorders, county treasurers, and county auditors, by reason of the failure to fix in said act the salaries of these offices for Shelby county, and that the act of 1893, amending §93 of said act, did not make said act valid.    This court has, however, held that, from and after May 18, 1893, when the act of 1893 (Acts 1893, p. 142) amending §93 of the fee and salary act of 1891 took effect, said act of 1891 was freed from the constitutional invalidity as to auditors, treasurers, and recorders, held to exist against it as originally enacted.    *Sudbury* v. *Board, etc.,* 157 Ind. 446; *Walsh* v. *State, ex rel.,* 142 Ind. 357, 33 L. R. A. 392; *Legler* v. *Paine,* 147 Ind. 181.

Appellants next insist that, as the fee and salary act of 1891 does not authorize any action on the official bond of any officer, this action cannot be maintained.    Section 118 of said fee and salary law (Acts 1891, p. 445), being §6523 Burns 1894, provides that "The recorders of the various counties in this State shall, on behalf of their respective

counties; tax and collect, upon proper books to be kept in their offices for that purpose, the fees and amounts provided for by law on account of services rendered by said recorders. The fees and amounts so taxed and collected shall be designated as 'recorder's costs,' but they shall in no sense belong to or be the property of the recorder, but shall belong to and be the property of the county." By §125 of said act (Acts 1891, p. 450, being §6530 Burns 1894) the county recorders are each required, on the first Mondays of December, March, June, and September of each year, to "make a sworn report to the county auditor in writing, showing specifically the amount of fees collected during the preceding three months, and they shall pay to the county treasurer the amount shown by said report, and take the county treasurer's receipt therefor." It is expressly provided by statute that all official bonds shall be obligatory "upon the principal and sureties, for the faithful discharge of all duties required of such officer by any law, then or subsequently in force, for the use of any person injured by any breach of the condition thereof." §7543 Burns 1901, §5528 R. S. 1881 and Horner 1901.

The official bond executed by said Shilling and his sureties, the appellants in this case, contained this provision: "If the said William E. Shilling shall well and faithfully discharge the duties of recorder in accordance with the laws of the State of Indiana, then the above obligation to be void, else to be and remain in full force". Under the provisions of §118, *supra,* the fees collected by appellant Shilling, as such recorder, belonged to and were the property of relator. *Harmon* v. *Board, etc.,* 153 Ind. 68; *Legler* v. *Paine,* 147 Ind. 181, 185. It was clearly the duty of said Shilling, as such recorder, under §125, to pay said fees to the county treasurer at the dates specified in said section. *Legler* v. *Paine,* 147 Ind. 181, 186, 187; *Harmon* v. *Board, etc.,* 153 Ind. 68. His failure to do so was a violation of the condition of said bond and a breach thereof, for which he and his sureties are clearly liable.

The relator is a body corporate, and, as such, has the power, in its own name, to prosecute and defend suits and exercise all other powers and rights incident to corporations, not inconsistent with the laws of the State. §7820 Burns 1901, §5735 R. S. 1881 and Horner 1901. All actions on behalf of the county must therefore be brought in the name of the board of commissioners of such county, unless the law provides otherwise. *Board, etc., v. Beaver,* 156 Ind. 450, 456; *Board, etc., v. Kimberlin,* 108 Ind. 449; *Caldwell v. Board, etc.,* 80 Ind. 99; *Board, etc., v. McIlvain,* 24 Ind. 382. It is not, therefore, essential to the right of recovery in this action that the act of 1891 contain any provision authorizing the relator to maintain the same. Such right existed without any such provision.

The fees collected by appellant Shilling, as recorder, belonged to and were the property of the county, and it was the duty of the relator, on the failure of said Shilling to pay the same to the county treasurer, as required by said act of 1891, to collect the same by suit on his official bond or otherwise.

Section 132 of the act of 1891 (Acts 1891, p. 452), and the act of 1893 (Acts 1893, p. 269), amending said §132, are penal, and were each designed to punish the officer for a failure to report and pay over the fees, as required by said act. Relator's right to recover does not depend in any way upon said sections or either of them, and they have no bearing on this case.

What was said by this court in *State v. Flynn,* 157 Ind. 52, concerning §132 of the act of 1895, being §6537 Burns 1901, applies with equal force to said §132 of said act of 1891, and to said section as amended by the act of 1893.

It is insisted that said original section, and the same as amended, were unconstitutional and void. The decision of said question is not necessary to the determination of this appeal, and the same is not therefore considered.

Finding no error in the record, the judgment is affirmed.