Snyder et al. *v.* The State ex rel. &c.

---

SNYDER *et al. v.* THE STATE *ex rel.,* &c.

ACTION AGAINST COUNTY TREASURER.—An action against an ex-treasurer of a county and his sureties, on his official bond, should be prosecuted in the name of the State, on the relation of the auditor

of the county, and not on the relation of the acting treasurer, and, if such action be instituted on the relation of the latter officer, it will be irregular, and can not be deemed to be amended in this Court.

APPEAL from the *Bartholomew* Circuit Court.

WORDEN, J.—This was an action by the State upon the relation of *Curtin*, treasurer of the county, against *Snyder* and his sureties, upon his official bond as former treasurer. Judgment for the plaintiff for 50 dollars.

We are met at the threshhold of the case with the objection, that an action will not lie in such case upon the relation of the treasurer, and this objection seems to be well taken. Whatever may have been the provisions of former statutes on the subject, no statute now in force has been cited, and we are aware of none, which authorizes the treasurer to be the relator in such cases. By section 128, 1 G. & H. p. 102, it is provided that the county auditor, on being instructed to that effect by the Auditor of State, or the Board of County Commissioners, shall cause suit to be instituted against the treasurer and his sureties in certain cases. By section 132, it is provided, that, in suits against the treasurer and his sureties, the auditor shall be a competent witness. This provision would have been entirely superfluous, had it not been contemplated that the auditor should be a party to the suit as relator. The general system of checks and balances contemplated by the revenue laws, and intended to enable the auditor to properly charge the treasurer with what funds he receives, also strongly favors the construction, that suits upon an ex-treasurer's bond should be brought upon the relation of the auditor, and not of the incoming treasurer. But it is claimed, that if the action was wrongly brought in this respect, it could have been amended below, and will be deemed amended here. But, in our opinion, such a radical amendment as a total change of one of the parties to the action, or,

which is in substance the same thing, a total change of the person suing as relator can not be deemed to be made here.

*Per Curiam.*—The judgment below is reversed, with costs.

*Francis T. Hord* and *N. T. Hauser*, for the appellants.

*Stansifer & Herod*, for the appellee.