———o———

TAGGART ET AL. *v.* THE STATE, EX REL. JACKSON TOWNSHIP.

OFFICIAL BOND.—*County Treasurer.*—*Relator.*—*Practice.*—Complaint on the official bond of a county treasurer, on the relation of a township, alleging as breaches, that the principal in the bond, while treasurer, received and had in his hands certain funds belonging to the relator, and that after he ceased to be treasurer orders were issued therefor, in favor of the trustee of the relator, upon the treasurer of the county, which the defendant refused to pay, and that he has refused to pay the amounts of the orders to his successor in office, and has converted the same to his own use.

Taggart *et al. v.* The State, *ex rel.* Jackson Township.

*Held,* that, on ceasing to be county treasurer, it was his duty to pay all the public money in his hands to his successor in office, and he could not legally pay the same out on warrants thereafter drawn on the treasurer.

*Held,* also (PETTIT, J., dissenting), that the suit should have been brought on the relation of the county auditor, instead of the township.

RELATOR.—*Amendment.*—A judgment in the name of a wrong relator cannot be affirmed on the ground that the complaint might have been amended by inserting the name of a new relator.

From the Brown Circuit Court.

*F. T. Hord,* for appellants.

*W. R. Harrison* and *W. S. Shirley,* for appellee.

DOWNEY, J.—Action by and judgment for the appellee, against the appellants. Two questions are presented here:

1. As to the sufficiency of the complaint; and,

2. As to the refusal of the court to grant a new trial.

The complaint is on the bond of Taggart, as county treasurer, against him and his sureties. Lewis Jones was trustee of Jackson township.

It appears from the complaint, that Taggart was treasurer from December 23d, 1871, until November 5th, 1872. The bond recites that he was elected for two years, but we infer that he did not serve out the full term.

There are five breaches of the bond assigned. In the first, it is alleged, that Taggart, prior to November 5th, 1872, received and had in his hands four hundred and forty-nine dollars and twelve cents of common school revenue, which sum was duly apportioned to Jackson township, and on the 13th of November, 1872, an order was issued therefor in favor of said Jones as trustee, upon the treasurer of the county; that the same was demanded of Taggart, which he refused to pay. It is also alleged that Taggart has refused to pay the amount of the warrant to the present treasurer, and has converted the amount thereof to his own use.

The second breach is like the first, except that it relates to the sum of ninety-two dollars and thirty-seven cents of special school tax.

The third is the same as the first, only that it has reference to thirty dollars and twenty cents of township tax.

The fourth differs from the first, in that it relates to thirty dollars and twenty cents of road tax.

And the fifth is like the first, except that the warrant was for twenty-five dollars and twelve cents of dog tax.

It appears from the complaint, as may be seen, that the warrants, which it is alleged Taggart refused to pay, were drawn after he went out of office. The point is made by counsel for the appellants, that at the expiration of his term of office, Taggart was bound to pay the money in his hands to his successor, and could not legally pay the same on warrants drawn on the treasurer. It seems to us that this position is correct. The treasurer is required, at the expiration of his term, to deliver to his successor all public money, books, and papers in his possession. 1 G. &. H. 642, sec. 13.

It is provided in sec. 127, p. 102, 1 G. & H., that if any treasurer refuse or neglect to pay over all moneys, etc., he and his sureties shall be held liable, etc. In the next section, it is enacted, that "in any such case, the county auditor, on being instructed to that effect by the Auditor of State, or by the board of county commissioners, shall cause suit to be instituted against such county treasurer and his sureties," etc.

In *Snyder* v. *The State, ex rel.,* etc., 21 Ind. 77, where the action was on the relation of the succeeding treasurer, it was held that it was improperly brought.

It seems to us, that the action cannot be sustained on the relation of the township. The warrants in favor of the trustee are drawn in the usual form, on the "treasurer of Brown county, Indiana." Taggart was not treasurer when they were drawn. A cause of action had accrued to the State, on relation of the auditor, on the bond, before the warrants were drawn. The warrants were properly payable by the treasurer who was in office when they were drawn, and not by a predecessor, who had gone out of office. If the money with which they should be paid was in the hands of a preceding treasurer, or had been converted by him to his own use, an

action therefor should have been brought, as contemplated by the statute, on the relation of the county auditor. If the township can sue in consequence of the issuing of the warrants in this case, we do not see why any person holding an order on the treasurer may not have his action on the bond. This would cause a multiplicity of actions, without any necessity for it.

It is decided in *Snyder* v. *The State, etc., supra,* that a judgment in the name of a wrong relator cannot be affirmed on the ground that the complaint might have been amended by inserting the name of a new relator in the court below.

Other objections are made to the complaint, but we do not deem it necessary to consider them or the second error assigned.

The judgment is reversed, with costs, and the cause remanded.

Pettit, J.—I do not concur in so much of the opinion as holds that the auditor should be the relator. 2 G. &. H. 41, sec. 7.