SCOTTEN v. THE STATE, EX REL. SIMONTON, AUDITOR.

SCHOOL FUND.—*Relator.*—The county auditor is a proper relator in a suit to collect money belonging to the common school fund, loaned by the county auditor.

SAME.—*Surety.*—A surety who signs a note given for a loan of the common school fund, made by the county auditor, is not released by reason of the loan's not being secured by a mortgage of real estate, as required by statute.

CONTRACT.—*Illegal Contract.*—The general rule that courts will not enforce contracts prohibited by statute, or allow the recovery of money paid in pursuance of them, but will leave parties *in pari delicto* without remedy, is not applicable where the contract is prohibited for the mere protection of one of the parties against an undue advantage which the other party is supposed to possess.

EVIDENCE.—*Harmless Error.*—The admission of evidence which cannot be held to have prejudiced the party against whom it is introduced, if error at all, is a harmless error.

From the Huntington Circuit Court.

*B. F. Ibach* and *G. W. Stultz*, for appellant.

BUSKIRK, J.—This was an action by the appellee against the appellant and one Nathan W. Rogers, upon a promissory note payable to the State of Indiana. Rogers made default, and judgment was rendered against him, and, having refused to join in the appeal, he was duly notified of such

appeal, but has not appeared and declined to join, and is regarded as having joined.

The appellant appeared and demurred to the complaint, but his demurrer was overruled, and he took an exception: Thereupon he filed his separate answer in two paragraphs. The court sustained a demurrer to the second paragraph, and appellant again excepted. The cause was tried by the court, and resulted in a finding for appellee, and, over motion for a new trial, judgment was rendered on the finding.

The appellant has assigned for error the overruling of the demurrer to the complaint, the sustaining of the demurrer to the second paragraph of the answer, and the overruling of the motion for a new trial.

The objection urged to the complaint is, that the action is not properly brought on the relation of the county auditor. We think otherwise.

Section 12 of an act in relation to county auditors, in express terms, makes it the duty of the auditor to institute suits in relation to trust funds. 1 G. & H. 122. *Hawkins* v. *The State*, 24 Ind. 288; *Gachenheimer* v. *The State*, 28 Ind. 91; *Shane* v. *Francis*, 30 Ind. 92.

The second paragraph of the answer is as follows:

"For further and second separate answer to said complaint, John J. Scotten for himself says he admits the execution of the note, a copy of which is filed with said complaint, and that he signed the same only as security for his co-defendant, Rogers; that said Rogers received all of said money so loaned for his own use and benefit; that he, said Scotten, never received any of said money loaned on said note; that no part thereof was received for his own use or benefit, nor any of the proceeds thereof; that said auditor, neither before nor after said loan was made, did not require any mortgage or any real estate security to secure the payment of said money so loaned; and that no real estate security was offered by said Rogers or himself to said auditor to secure the payment of the same; that said money was loaned on the application of said Rogers, who filed no certificate of the clerk of

said county, or the recorder thereof, of any lands whatever being without incumbrance; that no other security was taken by said auditor for the loan of said money than the personal security of this said John J. Scotten; that the said auditor had no right or authority to take such personal security, but that the same was taken contrary to law; wherefore he asks judgment for costs."

The second point relied upon by counsel for appellant for a reversal of the judgment is based upon the action of the court in sustaining the demurrer to the second paragraph of the answer.

The complaint alleges that the auditor of Huntington county, on the 11th day of August, 1857, loaned to the defendants, of the common school fund, ninety-six dollars and thirty cents; that, to secure the same, the defendants executed their note, payable to the State of Indiana, a copy of which was filed with and made a part of the complaint.

The second paragraph of the answer admits the execution by Rogers, as principal, and by the appellant, as his surety, but avers that all the money was received and used by Rogers; that no other security was taken for such loan than the individual liability of the appellant.

It is contended by counsel for appellant that the loan so made was not made in accordance with, but contrary to, the statute in force at the time the loan was so made. It was provided by such statute that all loans of the common school fund should be secured by mortgage upon real estate. It did not provide for personal security. Sections 58 to 75, 1 G. & H. 551 to 553.

The learned counsel have cited a large number of authorities supporting the doctrine that contracts prohibited by statute will not be enforced.

The general doctrine stated has been announced in many adjudged cases in this court.

In *Deming* v. *The State, ex rel. Miller*, 23 Ind. 416, it was held that the general rule is, that the courts will not enforce contracts prohibited by statute, nor allow the recovery of

money paid in pursuance of them; but the parties will be left without remedy whenever they are *in pari delicto.* But this rule is not applicable when the contract is prohibited for the mere protection of one of the parties against an undue advantage which the other party is supposed to possess over him. That was a suit to foreclose a mortgage upon certain real estate to secure a loan of school funds.

The defence set up was, that the contract was prohibited by statute, because there was a prior incumbrance upon the land mortgaged, when the statute provided that a loan of the fund should be secured by a mortgage upon real estate without *incumbrance.*

The court, upon the ground above stated, held that the contract was valid. The ruling in that case shows that the contract in the present case is valid. The note being valid as to Rogers, the principal, it must be held valid as to the surety.

We think the court committed no error in sustaining the demurrer to the third paragraph of the answer.

The remaining question is, whether the court erred in overruling the motion for a new trial. Two reasons are relied upon: 1. The improper admission of the note in evidence; and, 2. The improper admission of the record of the auditor, relating to the loan in question.

It is quite obvious, from what has been said, that the note was properly admitted in evidence. The suit was, in legal effect, in the name of the State. The note is payable directly to the State. The note is valid. No valid reason can be urged against its admission.

Without deciding whether the record of the auditor was or was not competent evidence, we think the appellant cannot complain of its admission.

The case of the plaintiff was fully made out when he read in evidence the note upon which the action was based. The admission of the record of the auditor did not and could not prejudice the appellant. The error, if any, was entirely harmless.

We find no error in the record.

The judgment below is affirmed, with costs.