## CABEL ET AL. *v.* McCAFFERTY ET AL.

COUNTY TREASURER.—*Suit on Official Bond.*—*Payment by Sureties.*—*Pleading.*—Where a county treasurer, at the expiration of his term of office, has failed to deliver to his successor public money in his possession as treasurer, it is the duty of the county auditor, upon being so required by the board of county commissioners, to bring suit, as relator, upon the official bond of said treasurer for such failure; and said auditor may compromise such suit so brought by him, and receive the money so agreed to be paid; and upon the compromise of such a suit, and the payment by the sureties on said bond of the money so found to be due, such sureties, in an action brought by them against said treasurer to recover the amount so paid by them, need not allege that such payment was made to said treasurer's successor in office. In such an action by sureties, it was a sufficient allegation of such payment by them, that "the plaintiffs paid to the commissioners of said county and auditor of said county and their attorney of record in said suit, and, on," etc., "in fact and in truth, did pay over, to the persons authorized to receive the same, the aforesaid sum," etc.

From the Daviess Circuit Court.

*J. W. Burton*, for appellants.

*J. Baker* and *O. F. Baker*, for appellees.

BUSKIRK, J.—This was an action by the appellants, who

were sureties upon the bond of George W. McCafferty, as treasurer of Daviess county, against the said McCafferty, his wife and Patrick L. Crane, the purpose of which was to recover from the said McCafferty a sum of money which they had been compelled to pay for him as his sureties, and to require the said Crane to pay to them a judgment, which had been rendered in favor of the wife of the said McCafferty, and against the said Crane, upon the grounds of the insolvency of the said McCafferty and the fraudulent assignment by him to his wife of the indebtedness upon which said judgment was rendered.

A demurrer was sustained to the complaint, to which ruling an exception was taken. There was final judgment on demurrer.

The only error assigned is based upon the action of the court in sustaining the demurrer to the complaint.

The only question discussed by counsel is, whether the complaint shows a valid payment by the appellants, as the sureties of the said McCafferty. The complaint alleges the election of the said McCafferty, the execution of his bond as such treasurer, his failure to pay over money by him collected, his fraudulent assignment of the debt against Crane, the commencement of an action upon the bond of McCafferty, and the compromise of such action, and the payment by the appellants of the sum found to be due.

We quote from the complaint that portion of it which bears upon the question relied upon and discussed by counsel:

"And thereupon the board of commissioners of said county of Daviess made an order, instructing the auditor of said county to cause suit to be instituted against the plaintiffs on said bond; and that during the pendency of said suit in the Daviess Circuit Court, Indiana, the plaintiffs paid to the commissioners of said county and auditor of said county and their attorney of record in said suit, and, on the 8th day of June, 1872, in fact and in truth, did pay over to the persons authorized to receive the same, the aforesaid sum of eight

hundred and nineteen dollars and sixty-two cents ($819.62), in manner and form as aforesaid."

It is contended by counsel for appellees, that the payment should have been made to the successor in office of the said McCafferty, and, in support thereof, they rely upon section 13 of an act in relation to county treasurers, 1 G. & H. 642, which reads:

" The treasurer shall annually make complete settlement with the board of county commissioners, at the regular June term thereof, and shall, at the expiration of his term, deliver to his successor all public money, books and papers in his possession."

It is unquestionably true that it was the duty of said McCafferty to make a settlement, and pay over the money, and deliver the books, as required by the above section ; but the question before us is, whose duty it was to commence suit upon his bond, for his failure to perform the acts required of him by the statute above quoted.

It is well settled by the statute, and by repeated decisions of this court, that it is the duty of the county auditor, whenever required by the board of commissioners, to bring suit upon the bond of a county treasurer, for a failure to make a settlement, or to pay to his successor any money in his hands at the expiration of his term of office, or to deliver any books or papers. Sections 126, 127 and 128, 1 G. & H. 102; *Snyder* v. *The State, ex rel. etc.*, 21 Ind. 77 ; *Pepper* v. *The State, ex rel. Harvey*, 22 Ind. 399 ; *Taggart* v. *The State, ex rel. Jackson Township*, 49 Ind. 42 ; *Taggart* v. *The State, ex rel. Van Buren Township*, 49 Ind. 45. See five other cases of *Taggart* v. *The State, ex rel., etc.*, 49 Ind. 46, 47, 48, 49 and 50; *Scotten* v. *The State, ex rel. Simonton, Auditor*, 51 Ind. 52.

The action was properly brought on the relation of the county auditor. He was, therefore, authorized to compromise the suit and receive the money agreed to be paid.

The court erred in sustaining the demurrer to the complaint.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to overrule the demurrer to the complaint, and for further proceedings.