Gauntt v. The State, ex rel. Stout, Auditor.

---

No. 9229.

GAUNTT v. THE STATE, EX REL. STOUT, AUDITOR.

COUNTY AUDITOR.—*Relator.—Capacity to Sue.—County Treasurer.—Defalcation.—County Commissioners.*—A county auditor may sue a defaulting county treasurer individually, in the name of the State, on his relation as such auditor, for trust funds, and for State, county, school, road, railroad, corporation and other taxes, if so directed by the board of commissioners of the county.

SAME.—*Referee.—Trust Funds.—Taxes.*—In a suit by the State on the relation of a county auditor, against a county treasurer, for trust funds, and by order of the board of county commissioners for taxes not accounted

Gauntt *v.* The State, *ex rel.* Stout, Auditor.

for, a report of the referee finding the facts, and his conclusions of law, which finds a gross sum due from such treasurer, a failure to find that the board ordered the suit is not reached by exceptions to the conclusions of law, nor would the defendant, on that account, be entitled to judgment on the report.

REFEREE.—*Venire de Novo.—New Trial.—Exception.—Practice.*—Where a referee, under order, reports the facts and his conclusions thereon, an insufficiency in the facts found, by omission or uncertainty in the conclusions appearing in the report, is reached, not by motion for a *venire de novo,* but by motion for a new trial; and the conclusions may be questioned only by exceptions thereto.

From the Grant Circuit Court.

*I. Van Devanter, J. W. Lacey* and *W. Van Devanter,* for appellant.

*R. W. Bailey, A. Diltz* and *W. March,* for appellee.

FRANKLIN, C.—Appellee, as auditor of Grant county, on his relation, in the name of the State, brought this suit against appellant, as former treasurer of said county.

A demurrer was overruled to the complaint, and an answer in eleven paragraphs filed. A demurrer was sustained to the tenth and eleventh paragraphs of the answer, and a reply in five paragraphs filed. A demurrer was sustained to the third, fourth and fifth paragraphs of the reply. The case was tried by agreement before a referee, with instructions to report the facts, with his conclusions thereon, to the court. The referee heard the evidence and reported the facts, with his conclusions in favor of the appellee, to the court. Appellant filed the following motions: For a *venire de novo,* for a new trial, and for judgment in his favor on the special findings. All of which were overruled, and to all of which rulings proper exceptions were reserved. He then excepted to the conclusion of the referee, and judgment was rendered by the court for appellee.

The following errors have been assigned in this court:

1st. In overruling the demurrer to the complaint.

2d. In overruling the separate demurrer to each paragraph of the complaint.

3d. The complaint does not state facts sufficient to constitute a cause of action.

4th. In sustaining the demurrer to the tenth and eleventh paragraphs of the answer.

5th. In overruling the motion for a *venire de novo*.

6th. In overruling the motion for a new trial.

7th. In overruling the motion for judgment on the special findings.

8th. In overruling exceptions to the conclusions of law.

The first, second and third specifications of error, containing an objection to the complaint, may all be considered together.

The only objection made to the complaint is the want of capacity in the relator to bring the suit.

The 4th section of the code provides: "An executor, administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted."

The 12th section of the act in relation to county auditors, 1 R. S. 1876, p. 155, reads: "County auditors are authorized to institute suit and prosecute the same to final judgment and execution, in the name of the State, against principals or sureties, or either, upon any note, bond, mortgage, or any obligation, on account of any trust fund, or other fund, whether such note, bond, or mortgage, be in the name of the State or any other person."

The 5th section of the act providing for the organization of county boards, 1 R. S. 1876, p. 350, reads: "Such commissioners shall be considered a body corporate and politic by the name and style of 'The board of commissioners of the county of ——,' and as such, and in such name, may prosecute and defend suits, and have all other duties, rights and powers incident to corporations, not inconsistent with the provisions of this act."

The following provisions are contained in the assessment law, 1 R. S. 1876, p. 117:

"Sec. 184. If any such county treasurer shall refuse or neg-

lect to pay over all moneys, as provided herein, he and his sureties shall be held liable to pay the full amount which he should have paid over, together with the interest and ten per centum damages.

" Sec. 185. In any such case, the county auditor, on being instructed to that effect by the auditor of State, or by the board of county commissioners, shall cause suit to be instituted against such county treasurer and his sureties; and no stay of execution or appraisement of property shall be allowed on a judgment rendered or execution issued in such suit."

It is well settled by the statutes and decisions of this State, that if this suit had been brought upon the bond of appellant as such treasurer, it should have been brought in the name of the State upon the relation of the auditor. *Snyder* v. *The State, ex rel.*, 21 Ind. 77; *Pepper* v. *The State, ex rel.*, 22 Ind. 399; *Fry* v. *The State, ex rel.*, 27 Ind. 348; *Taggart* v. *The State, ex rel.*, 49 Ind. 42; *Neal* v. *The State, ex rel.*, 49 Ind. 51; *Scotten* v. *The State, ex rel.*, 51 Ind. 52; *Cabel* v. *McCafferty*, 53 Ind. 75; *Caldwell* v. *The Board*, etc., 80 Ind. 99. In the case of *Vanarsdall* v. *The State, ex rel.*, 65 Ind. 176, it was held that upon a note executed to the treasurer for the use of the county, and a mortgage executed to the board of commissioners to secure the payment of the note, the suit might be brought by either the board of commissioners, or the auditor, in the name of the State upon his relation.

In the case at bar, the complaint charges that appellant, as such treasurer, collected and did not account for State, county, school, road, railroad, corporation and other taxes, fines, forfeitures, school funds, school fund interest, and redemption money for lands sold for taxes. A bill of particulars of which is given.

The statute of three years' limitation as to the sureties on the bond had run against all the charges, and the six years' as to the principal had run against the greater portion of the charges.

The suit was not brought upon the bond, but against the

ex-treasurer individually, for the collection of the money. A part of the claim sued on was for trust funds, upon which, by the 12th section, *supra*, the auditor was expressly authorized to sue in the name of the State upon his relation, and the complaint avers that he was directed by the board of commissioners to sue upon the whole of the claims.

There being a good cause of action in favor of the plaintiff for the trust funds, and the board of commissioners having yielded any right they may have had to sue for any part of the claims, by directing the auditor to bring the suit, we think the suit was properly brought in the name of the State on the relation of the auditor.

In the case of *Snyder* v. *The State, ex rel.*, *supra*, it was held: " The general system of checks and balances contemplated by the revenue laws, and intended to enable the auditor to properly charge the treasurer with what funds he receives, also strongly favors the construction, that suits upon an ex-treasurer's bond should be brought upon the relation of the auditor, and not of the incoming treasurer." The same reason would equally apply where suit is brought individually against the ex-treasurer for the money, without suing him upon his official bond.

This complaint states sufficient facts, and there was no error in overruling the demurrer to it.

The 4th specification of errors: " The sustaining of the demurrer to the tenth and eleventh paragraphs of the answer," has not been presented or discussed by appellant in his brief, and is therefore waived.

The 5th error complained of is the overruling of the motion for a *venire de novo*.

This motion was based upon the insufficiency of the finding of the facts, and the uncertainty of the conclusion, as reported by the referee.

The 350th section of the code, 2 R. S. 1876, p. 178, provides, that the referees, if required, " must state the facts found and the conclusions of law separately, and their deci-

sion must be given and may be excepted to and reviewed in like manner. The report of the referees upon the whole issue stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court. When the reference is to report the facts, the report has the effect of a special verdict."

In this case, the record shows that by agreement " the cause was referred to John C. Nottingham, of Grant county, Indiana, as referee; who shall be duly sworn as such, and shall thereupon find the facts under said issues, and report the facts so found, and the conclusions thereon, to said court on the first day of the next term thereof."

The report of the referee is as follows: " The undersigned referee, appointed by the Grant Circuit Court to try the above cause, and make a finding of the facts therein and his conclusions thereon, reports to the court, that, after being duly qualified as required by the order of reference in said cause, and plaintiff having filed a written request to find all the facts and conclusions of law thereon specifically, and stated separately, I have, pursuant to said order, tried the issues therein, and, after hearing all the evidence, argument of counsel, and due deliberation had, have made and hereby report to the court the facts found by me as such referee, under said order of reference, together with my own conclusions thereon, namely:

" That Russell J. Gauntt, who was duly elected and qualified to act as treasurer of Grant county, Indiana, for the term of two years, entered upon the duties of said office on the 2d day of August, 1869; that he was duly elected and qualified as his own successor in said office, and entered upon the duties of said office of treasurer for his second term on the 2d day of August, 1871; that Jesse H. Nelson was duly elected and qualified as his successor at the end of his said second term, who entered upon the duties of his said office as such successor of said defendant on the 2d day of August, 1873; that said defendant, during his said first term of office as such treasurer, collected as taxes the sum of $611.28, which he failed to ac-

count for, or pay over, of which sum so collected the sum of $506.39 was collected on and after June, 1870; that, during his second term of office, defendant, as such treasurer, collected as taxes the sum of $3,551.94, which he failed to account for or pay over, of which sum so collected during his second term, the sum of $1,538.10 was collected on and after June 1st, 1872; that said defendant made his reports to, and settlements with, the board of commissioners of said county of Grant, for the years ending respectively, May 31st, 1870, 1871, 1872 and 1873; which reports and settlements were made at the regular June sessions of said board for each of said years, and that the items and sums going to make up the amounts which said defendant so failed to account for, or pay over, as aforesaid, was not included in any of said reports and settlements, nor did they constitute any part of the sums and amounts so reported to, and settled for, with said board.

" And as a further fact I find that there is an entry upon the record of the proceedings of said board, of an approval and determination by said board upon the report and settlement of said defendant for the year ending May 31st, 1870; but there is no such entry upon the records of said board of any finding, approval or determination by said board upon the said reports and settlements of the defendant for each of the years ending respectively May 31st, 1871, 1872 and 1873, but that all of said defendant's reports or settlements are entered upon the records of said board of commissioners aforesaid. I further find that neither of said adjudications was in any manner obtained by fraud or concealment.

" I find, as conclusions of law, upon the above found facts, as follows, to wit: That said settlements, so made by said board with said defendant, are full and final adjudications upon all items and matters included in said reports to said board; but they are not adjudications upon such items and matters as were not therein included as aforesaid, and that all of said sums, so unaccounted for and not paid over, are barred by the statute of limitations, except said sum of $1,538.10 collected

on and after June 15th, 1872. I therefore find that the defendant is indebted to the plaintiff in the sum of $1,538.10."

Under the foregoing statute, if the referee is only required to report the facts, his report stands as a special verdict; but if, in addition to reporting the facts, he is required to state his conclusions of law thereon, then the report assimilates nearer to a special finding or a statement of the facts, and a statement of the conclusions of the law thereon, by the court. *Gilmore* v. *The Board, etc., of Putnam County,* 35 Ind. 344.

We see no ambiguity, inconsistency, or uncertainty in the facts found, that would prevent the court from rendering the proper judgment. If there are any deficiencies arising from omissions or incorrect findings, the remedy is by motion for a new trial, and not for a *venire de novo.* *Graham* v. *The State, ex rel.,* 66 Ind. 386 ; *Vannoy* v. *Duprez,* 72 Ind. 26 ; *Jones* v. *Baird,* 76 Ind. 164 ; *Ex Parte Walls,* 73 Ind. 95.

If the finding contains a statement of the evidence and not of the facts, it may be set aside on motion for a *venire de novo.* *Parker* v. *Hubble,* 75 Ind. 580 ; *Jones* v. *Baird, supra.*

In the case at bar, the finding states the facts and not the evidence. There was no error in overruling the motion for a *venire de novo.*

The 6th specification of errors, overruling the motion for a new trial, is not referred to by appellant in his brief, and is therefore waived.

The 7th specification of errors is the overruling of appellant's motion for a judgment in his favor upon the statement of facts or special findings of the referee.

If the report is to be regarded in the light of a special finding, there is nothing in it that is contradictory to, inconsistent or irreconcilable with the general finding or conclusion, and there was no error in overruling the motion.

If the report is to be regarded as a statement of the facts, and the conclusions of law thereon, then the objection to the conclusions of law is to be taken advantage of, by excepting to the conclusions of law, which appellant did in the court below,

and has assigned the overruling thereof as error. And appellant insists that the conclusions of law are erroneous, for the reasons that the referee did not find the fact that the board of commissioners had directed the auditor to bring the suit, and that he did not also find to what fund the indebtedness of defendant to plaintiff belonged.

We do not think that the direction of the board of commissioners was essential to the authority of the auditor to bring the suit, as for a part of the funds claimed, at least the trust funds, the statute gave him authority to sue without such direction, and as to the apportioning of the amount recovered among the different funds to which it belonged, that would be the duty of the auditor, after the collection had been made.

No objection was made or exception taken to the rendition or form of the judgment. And we think there was no error in the conclusions of law.

From the facts found by the referee, appellant ought not to complain of the judgment.

We find no error in this record.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and the same is in all things affirmed, with costs.