No. 12,730.

CLARK *v.* THE STATE, EX REL. ALEXANDER, AUDITOR.

SCHOOL FUND.—*Sale by County Auditor of Mortgaged Land.*—*Suit for Deficiency.*—*Statute Construed.*—A county auditor who bids in, at public auction, land mortgaged to the school fund, can not proceed on the note executed by the mortgagor until he has made the subsequent sale required by section 4393, R. S. 1881, and fails to realize enough to satisfy the amount due.

From the Monroe Circuit Court.

*R. A. Fulk,* for appellant.

*W. P. Rogers* and *J. E. Henley,* for appellee.

MITCHELL, J.—The auditor of Monroe county commenced this suit to recover on a note bearing date April 3d, 1875, executed by the appellant to the State of Indiana, for the benefit of the common school fund.

By way of answer the defendant set up, that, as a part of the transaction, he had executed a mortgage to the State of Indiana to secure the payment of the note, which mortgage conveyed to the State the tract of land therein described. On the 24th day of March, 1879, the note having matured, and the principal and some accumulated interest remaining unpaid, the county auditor, pursuant to proper notice, offered the mortgaged premises for sale at public auction. Failing to receive a bid for the amount due, it is averred, the auditor bid in the land for the full amount, including principal, interest, damages and costs, and that, on behalf of the State, he thereupon took, and has ever since remained in possession of the land.

The court sustained a demurrer to the answer, and the appellant refusing to plead over, judgment was rendered against him for the amount of the note, including interest and costs.

No question is made concerning the regularity of the sale, the sole contention being whether or not, since the auditor

bid in the land, he can, while holding that, pursue any other remedy against the appellant on the note.

Under section 4393, R. S. 1881, it becomes the duty of the county auditor, in case no bid for the amount due is received on offering land for sale in order to realize a debt due the common school fund, to bid the land in on account of the fund, and as soon thereafter as may be, he is required to cause the land to be appraised, and to sell the same on a credit of five years, at seven per cent. interest, payable annually in advance, for a sum not less than the appraised value. If upon such sale more is realized than is sufficient to pay the principal, interest, damages, and costs, the fair implication of section 4394 is, that the overplus shall be paid to the original mortgagor, his heirs or assigns. If less is realized, then, under section 4390, the county auditor is required to bring suit on the note or notes executed by the mortgagor. Section 4390 reads as follows: " In all cases when the mortgaged premises shall fail to sell for a sum sufficient to satisfy the principal and interest of the loan made, and the damages accrued by reason of such failure, and costs, the county auditor shall bring suit on the notes executed by the mortgagor," etc.

The appellee's argument in support of the ruling below proceeds upon the theory that this section relates to the sale of the land at public auction in the first instance.

The fallacy of this argument becomes apparent from a consideration of sections 4392 and 4393. While the auditor may at such auction sale sell less than the whole amount of the land mortgaged, he can receive no bid for less than the whole amount of the debt due, including principal, interest and costs. *Shannon* v. *Hay*, 106 Ind. 589.

Since, therefore, the sale of the mortgaged premises, at auction, can never occur, except upon the condition that a bid for the whole amount due is received, section 4390 can have no application to such sales.

If at such attempted sale no bid for the full amount due is made, the auditor is required to bid in the land, and whether he bids it in for much or little, is of no consequence, since in any event it becomes his duty to cause the land to be appraised and sold, and the proceeds to be disposed of as provided in sections 4393 and 4394.

Bidding the land in by the auditor, under section 4393, operates as a strict foreclosure of the mortgage, and vests the title in the State, without any deed, as provided in section 4397.

It does not, however, affect the debt, whether the bid of the auditor be one sum or another. The debt remains, and is satisfied or not, owing to the amount received by the auditor when he subsequently sells the land under the provisions of section 4393. If more is realized at such subsequent sale, the debt is satisfied, and the excess goes to the mortgagor, his heirs or assigns. If less, then the auditor may proceed upon the note. The county auditor can not, however, proceed upon the note until such subsequent sale be made.

As a plea in bar the answer was clearly insufficient, but, while it is somewhat difficult to determine the precise theory upon which it was drawn, we have concluded, after some hesitation, that it states facts sufficient to make it good as a plea in the nature of a plea in abatement.

The judgment is reversed, with costs, with directions to the court below to overrule the demurrer to the answer, and for further proceedings not inconsistent with this opinion.

Filed Feb. 4, 1887.