No. 21.

LOPP, ADMINISTRATOR, *v.* WOODWARD, AUDITOR.

SCHOOL FUND.—*Sale.*— *Deficiency.*— *Payment by County.*— *Suit to Recover Amount Paid.*—If, upon sale of land mortgaged to secure a school fund loan, the auditor bid in the land in the name of the State for less than is due, the county may pay the remainder due and bring suit against the mortgagor to recover the amount paid, with interest, without bringing suit before such payment to recover the amount yet due from him.
SAME.—*Relator.*—Such a suit should be brought in the name of the State, on the relation of the proper county auditor.

From the Harrison Circuit Court.

*J. H. Stotsenburg* and *E. B. Stotsenburg*, for appellant.

*G. W. Self*, for appellee.

ROBINSON, J.—On the 28th day of December, 1875, appellant's intestate, Archibald Kemper, gave his note to the State of Indiana for the use of one of the congressional townships, with a mortgage on eighty acres of land to secure $1,000, payable on December 28th, 1880, with eight per cent. interest, payable annually in advance. The mortgage provided, on failure to pay the interest, the principal should become due, with two per cent. damages and costs. Kemper failed to pay the second instalment of interest, and the county auditor, after proper advertisement as required by statute, offered the land for sale at the court-house door, and receiving no bid he bid it in for the fund on the 25th day of March, 1878. Afterwards he had the land re-appraised and sold it on June 27th, 1885, on a credit of five years, for $302. In the following year, 1886, the attorney general filed a claim against the county of Harrison for $698, before the board of commissioners, claiming the difference between the principal sum, $1,000, and the sum of $302, the amount for which the land sold, and at the June term, 1886, the county board allowed and paid the same. Besides, the county board paid all the interest from December

28th, 1876, at the rate of eight per cent., amounting to about $800. Upon these facts the auditor of Harrison county filed a claim againt Kemper's administrator, the appellant, and asked an allowance and judgment for the deficiency, as above shown.

The complaint was amended, a demurrer was filed thereto and overruled over appellant's exceptions. After issue joined upon answer of denial and payment, a trial was had by the court, resulting in a finding for the appellee.

A motion for a new trial was overruled, judgment rendered, etc.

The appellee has filed no brief. The appellant, in his brief, devotes much argument to the position assumed that the action should have been commenced and prosecuted in the name of the State, and not in the name of the county auditor, but in the name of the State on the relation of the county auditor. The fact has been evidently overlooked by the appellant that after the demurrer was sustained to the original complaint an amended complaint was filed, and the objection now urged was cured, and the case when issue was joined, and when it was tried, was in the name of the State of Indiana on the relation of James Woodward, auditor of Harrison county.

We think it was the duty of the county auditor, in the name of the State, to commence and prosecute this claim. It is made his duty by statute, in all cases where the mortgaged premises fail to sell for a sum sufficient to satisfy the principal and interest of the loan made, to bring suit on the notes executed by the mortgagor. Section 4390, R. S. 1881.

It is further provided by statute that county auditors are authorized to institute and prosecute the same to final judgment and execution in the name of the State against the principals or sureties, or either, upon any note, bond, mortgage, or any obligation on account of any trust fund or other fund, whether such note, bond or mortgage be in the name of the State or any other person. Section 5904, R. S. 1881.

No other objection is made to the amended complaint. The demurrer was properly overruled. *Clark* v. *State, ex rel.,* 109 Ind. 388; *Scotten* v. *State, ex rel.,* 51 Ind. 52.

There is no contention by the appellant that the amount found by the court as a claim against Kemper's estate upon the basis that the estate was liable for the interest paid by the county and the amount paid to the State on the claim filed by the attorney general for the deficiency between the amount of the mortgage and the amount for which the land was sold, was not correct if the estate was liable in this action.

It is insisted by the appellant that the county voluntarily paid the money on the claim of the attorney general, when it was the duty of the auditor, under section 4390, to sue the mortgagor, and it was the duty of the attorney general to see that suit was brought; that the county voluntarily paid money out of the county treasury which it did not owe; that, having paid it, the county could not recover it back.

We can not concur in this view of the law. The board of commissioners properly allowed and paid the deficiency between the amount of the mortgage and the amount for which the land was sold. It was the duty of the county to preserve so much of the school fund as was intrusted to it, and was liable for the payment of the annual interest thereon at the rate established by the law. Section 4326, R. S. 1881.

The fact that the county auditor failed to bring the action until after the board of commissioners had made good the deficiency does not affect the right to recover from the mortgagor in this action if it was in proper form, and that this action was in proper form can not be seriously questioned. If there was any doubt as to the right of recovery, that question has been clearly settled in the case of *Board, etc.,* v. *State, ex rel.,* 122 Ind. 333, which, in the points involved in this case, sustains the trial court.

We find no error in the record.

The judgment is affirmed, with costs.

Filed April 4, 1891.