Tomlinson *et al. v.* Bricklayers Union No. 1, of Indiana.

———————◇———————

No. 9887.

TOMLINSON ET AL. *v.* BRICKLAYERS UNION No. 1, OF IN-DIANA.

CORPORATION.— *Wrongful Conversion of Corporate Property.—Action by Stockholders.*—The stockholders of an existing corporation can not maintain an action, in their individual names, for the alleged wrongful conversion of the corporate money or property, but the right of action therefor is in the corporation.

SAME.—*Forfeiture of Charter.—Strangers.*—The violation of the by-laws and constitution of a corporation, by its officers and members, will give no right of action or legal cause of complaint to persons who are not members of, but strangers to, such corporation.

From the Superior Court of Marion county.

*E. C. Buskirk* and *P. W. Bartholomew*, for appellants.

*R. B. Duncan, C. W. Smith* and *J. S. Duncan*, for appellee.

Tomlinson *et al. v.* Bricklayers Union No. 1, of Indiana.

HOWK, J.—The only question presented for decision by the record of this cause and the error assigned thereon is this: Does the complaint of the appellants, the plaintiffs below, state facts sufficient to constitute a cause of action? In their complaint the appellants alleged, in substance, that on or about the 28th day of August, 1867, they and others formed a voluntary association, known as and named "The Bricklayers Union of Indianapolis;" that the objects.of the association were to unite all practical bricklayers so as to secure concert of action in whatever tended to their interests, and to afford pecuniary aid to the members thereof, when disabled from sickness, accident or misfortune; that immediately upon the organization of the association a code of by-laws and constitution were adopted, fixing the amount of dues, fines and assessments payable by each member of the association; that from 1867 to April, 1879, some five hundred or more members joined the association, among whom were the appellants, and each and all paid their money in dues, fines and assessments, which money was placed in one general fund, until, in April, 1879, the same amounted to the sum of about eight thousand dollars, belonging to the said members as a joint and general fund for the benefit of each and all of them; that after the association had been duly incorporated the appellants and many others, for whose benefit the appellants sued, to the number of five hundred, made and adopted the by-laws and constitution governing the association; that since such organization, and before, the appellants each and all, and about four hundred others whose names could not be given, because they were in books of which the appellee had control, contributed different amounts, and the same were under the control of the association, in trust for the appellants and the other members of the association, in which they all had a general interest; that the association continued until about April, 1879, when a few of its members, twenty in number, without the knowledge, consent or approval, or the legal right so to do, unlawfully, wrongfully and secretly abandoned

and pretended to dissolve the said corporation, and pretended to form a new association, to be known as "The Bricklayers Union No. 1, of Indiana," the appellee, and as soon as the pretended new organization was formed they secretly, unlawfully and wrongfully converted the said fund of the appellants and the other members of the old association to the use of the appellee, and the same was then in their or its possession; and the appellee, although often requested, refused to pay the same to the appellants and the other members of the old association, and refused to allow the appellants and other members of the first organization to participate in the new organization, and refused them all rights of property therein, and claimed that the appellants and those for whom they sued were not members thereof, and claimed the said fund as their own, and refused the appellants any and all benefits therefrom; that at the time of said conversion and pretended dissolution, and the formation of the pretended new organization, the appellants and many others, for whom they sued, were members in good standing of the old association; and that the defendants had also unlawfully converted all the lodge furniture and personal property, of the value of three hundred dollars, without right and wrongfully, to their own use, and then had possession thereof.

The appellants further alleged that the appellee had forfeited its charter and corporate rights, by refusing to allow them to participate in the new organization; and in this, that less than a quorum had pretended to transact business; and in this, that its president had allowed money to be drawn contrary to its constitution; and in this, that the recording secretary had failed to keep a correct record of the transactions of each meeting, and to make a quarterly report of such transactions, and to deliver to his successor the books, records and property of the appellee; and in this, that its financial secretary had failed to discharge his duties and been allowed to continue in office; and in this, that its members were allowed to remain in good standing without paying dues, etc.;

and in this, that its treasurer had failed to discharge his duties; and in this, that its trustees had converted the above described property of the old association to the exclusive use of appellee; and in this, that it had used the money for other and different purposes than that specified in its constitution; and in dissolving the union, contrary to the terms of its constitution. Wherefore, etc.

We are of the opinion that the appellee's demurrer, for the want of facts, was correctly sustained to the appellants' complaint. Conceding all the facts stated in the complaint to be true as alleged, they constitute no cause of action in favor of the appellants and against the appellee. It will be seen that the wrongful conversion of the money and property of the first corporation is alleged to have been committed by its twenty seceding members, who were not made parties to this action. The complaint fails to show the appellee's liability for this wrongful conversion to the plaintiffs in this action. It is not alleged that the old corporation was dissolved in any legal manner, and it can not be said, we think, that the secession of twenty members would or ought to work the dissolution of a corporation having five hundred members. If the old corporation is still a legal entity, and it must be presumed to be such, at least until the contrary is shown, the right of action for the wrongful conversion of its money and property would be in such old corporation, and not in any of its members, however numerous they were; for the money and property of a corporation belong to it, and not to its individual members. It follows, therefore, that the complaint does not state a cause of action, in favor of the appellants, for the wrongful conversion of the money and property described therein.

It seems to us, also, that the allegations of the complaint in relation to the forfeiture of appellee's charter do not constitute a cause of action in favor of the appellants. If it were true that the appellee and its officers and members had violated every section of its by-laws and constitution, it is certain,

we think, that such violations would not give the appellants
any right of action or legal cause of complaint against the
appellee; for it was not shown that the appellants were mem-
bers of the appellee-corporation.

We have found no error in the record.

The judgment is affirmed, with costs.