Cutshaw *et al. v.* Fargo *et al.*

---

No. 914.

## CUTSHAW ET AL. *v.* FARGO ET AL.

FAILURE OF PROOF.—*Action on Account by A. for Goods Sold and Delivered to B.—Proof of Sale by C. to B.—Recovery.—Evidence, Sufficiency of.—Partnership.—Corporation.*—Where several plaintiffs join in an action, as partners, for goods sold and delivered to the defendants, and the evidence develops the fact that defendants purchased the goods of A. & Co., and that A. & Co. is a corporation of which plaintiffs are the sole stockholders, the plaintiffs can not re-

cover, the cause of action being one in favor of the corporation, for which the stockholders can not, as individuals, recover, the corporation being, in legal contemplation, separate and distinct from its members or stockholders.

SAME.—*Legal Capacity to Sue.*—*Waiver.*—*Real Parties in Interest.*— *Variance.*—*Amendment of Pleading.*—*Presumption.*—In such case, the defect is not that plaintiffs have not legal capacity to sue, and subject to the principle of waiver. The want of legal capacity to sue has reference to legal disability, such as infancy, idiocy, etc. Neither are the plaintiffs, the stockholders, the real parties in interest; nor is the variance between the complaint and the proof such as this court will presume to have been cured by amendment.

From the Washington Circuit Court.

*H. Morris, J. A. Zaring* and *M. B. Hottell,* for appellants.

*D. M. Alspaugh* and *J. C. Lawler,* for appellees.

GAVIN, C. J.—This was a suit upon an account, together with an attachment proceeding, brought by the appellees Charles H., Charles E., Samuel M., and Frank M. Fargo.

The complaint is as follows:

"The plaintiffs in the above entitled cause, doing business under the firm-name and style of 'C. H. Fargo & Co.,' complain of the defendants in said cause, who are partners, doing business in the firm name and style of 'Cutshaw Bros.,' and say that the said defendants are indebted to the said plaintiffs in the sum of nine hundred and seventy-one dollars and fourteen cents, for goods sold and delivered by said plaintiffs to said defendants, at their special instance and request, a bill of particulars of which is filed herewith, marked exhibit 'A,' and made a part of this complaint; that said sum is wholly due and unpaid. Wherefore the plaintiffs demand judgment," etc.

To this complaint a general denial was filed. There

was a trial and judgment for appellees, over a motion for new trial presented by appellants.

Numerous questions have been argued by counsel, but the determination of one will be decisive of this case, and that question arises upon the sufficiency of the evidence as presented under the motion for a new trial.

The evidence shows, without contradiction, that appellants purchased the goods described in the bill of particulars from C. H. Fargo & Co., and that "C. H. Fargo & Co. is a corporation, and not a partnership, although the appellees are the sole stockholders in such corporation.

Counsel for the appellees urge vigorously that the corporation is, in the eyes of the law, an individual, separate and distinct from its members or stockholders; that the right to contract and sue upon its contracts is inherent in the corporation, and that the stockholders can not, as individuals, recover upon causes of action belonging to the corporation; they further claim that the evidence in this case wholly fails to show any sale by appellees to appellants, or any contract by appellants with appellees.

With these views of counsel we are compelled to agree, although quite reluctantly, under the circumstances of this case.

It is of the very essence of a corporation that it should possess an existence and an individual personality distinct from that of its members.

As defined by Chief Justice MARSHALL: "A corporation is an artificial being, invisible, intangible and existing only in contemplation of law." "Among the most important (of its attributes) are immortality, and if the expression may be allowed individuality, properties by which a perpetual succession of many persons are considered as the same, and may act as an individual."

Cutshaw *et al. v.* Fargo *et al.*

*Dartmouth College* v. *Woodward*, 4 Wheat. 517 (636).

"The great object of an incorporation is, to bestow the character and properties of individuality on a collective and changing body of men." *Providence Bank* v. *Billings*, 4 Pet. 514 (562).

"A corporation is recognized by the law as having an existence as an artificial person distinct from the members which compose it." 4 Am. and Eng. Encyc. of Law, 203.

The case then turns upon this proposition: Can one man sue for goods alleged to have been sold by him, and recover on proof of goods sold by another?

We can not agree to an affirmative answer to this proposition.

Appellees insist that appellants are estopped to question the existence of a partnership, because they dealt with appellees as a partnership. There is, however, no evidence of such a fact. On the contrary, the evidence is that appellants dealt not with plaintiffs but with some one else; that is, with the corporation.

It is also claimed that the objection is one to the capacity to sue, and has been waived. In this counsel are in error. Appellees have ample capacity to sue and maintain this action if the proof will support their complaint.

The objection that the plaintiff has not legal capacity to sue refers to some legal disability such as infancy or idiocy. *Pence* v. *Aughe, Guar.*, 101 Ind. 317.

The fact proved does not constitute matter in abatement, but goes to the merits. *Morningstar* v. *Cunningham*, 110 Ind. 328; *Pixley* v. *Van Nostern*, 100 Ind. 34.

Neither is there here a simple defect of parties, as in *Thomas* v. *Wood*, 61 Ind. 132, or *Bledsoe* v. *Irvin*, 35 Ind. 293, cited by appellees. On the contrary, an issue is raised by the general denial, on the main fact alleged

in the complaint, to wit, that plaintiffs sold the appellants the goods described.

To sustain their complaint, plaintiffs were required to prove that they did sell them. Instead of this, they proved that they did not sell them, but some one else did.

A complaint, to be good upon demurrer for want of facts, must show a good cause of action in favor of the plaintiff, not in favor of some one else. If the complaint showed that the goods had been sold by the corporation, and not by the plaintiffs, it would certainly be bad upon demurrer.

"A complaint by A., which shows a cause of action in favor of B., does not state facts sufficient to constitute a cause of action in favor of A., and a demurrer for want of facts raises the question." *Bond* v. *Armstrong*, 88 Ind. 65; *Louisville, etc., R. R. Co.* v. *Lohges*, 6 Ind. App. 288, 33 N. E. Rep. 449; *Holman* v. *Langtree*, 40 Ind. 349; *Richardson* v. *Snider*, 72 Ind. 425.

The allegation that appellees sold the goods, being necessary to make the complaint good on demurrer, it was required to be shown by the proof. The plaintiffs being unable to establish even a *prima facie* obligation to themselves, the case is not brought within the rule of those cases wherein it is held that matter questioning the interest of the plaintiff must be set up specially. *Curtis* v. *Gooding*, 99 Ind. 45.

Finally, it is urged by appellees that the plaintiffs are the real parties in interest, and for that reason entitled to maintain this action, being all of the stockholders in said corporation.

As we have already shown, the corporation has an existence and personality which is separate and distinct from its members. Its rights and liabilities are to be

worked out through its corporate existence, and not through its individual members.

If this suit were brought by the corporation, we do not think it could be reasonably contended that the suit could be defeated on the ground that it should be maintained by the individual members of the corporation as the real parties in interest.

The stockholders are not, in legal contemplation, the real parties in interest in the claim proved in this case. As stockholders, they may finally be entitled to the proceeds of this suit, or they may not. That will depend upon the financial obligations of the corporation, to which the fund thus derived is first applicable. Whatever interest these stockholders may finally have in such proceeds will be not a direct interest in this particular cause of action, but a general interest in all the assets of the corporation, to be received in due time and proper manner from the corporation.

The principle is plainly laid down in Morawetz on Corp., section 233, which is as follows: "It is of great importance that the title to property be kept free from complication or uncertainty. The title to property vested in a corporation should therefore not be affected by acts of the shareholders, except when acting in such corporate name. Although all the shares in a corporation belong to a single person, and there are no creditors, a conveyance or transfer by the sole shareholder, in his own name, of property vested in the corporate name, would not affect the legal title. The title would in legal contemplation remain in the fictitious entity called the corporation, irrespective of the equities which the transaction might give rise to."

In the well considered case of *Button* v. *Hoffman*, 61 Wis. 20, it is held that one who becomes the owner of all the capital stock of a private corporation does not

Cutshaw *et al. v.* Fargo *et al.*

thereby become the legal owner of its property, and can not maintain replevin therefor in his own name.

The case of *Hasselman* v. *Japanese, etc., Co.*, 2 Ind. App. 180, does not aid appellees. It simply holds that where the contract is really made with the corporation, even though by a name other than its corporate name, it may recover upon it.

We are constrained to hold that the motion for a new trial should have been sustained.

Judgment reversed.

Filed June 6, 1893.

## On Petition for a Rehearing.

GAVIN, J.—Appellees, in their petition, insist that the complaint in this cause should be deemed amended by substituting, as plaintiffs, the name of the corporation to whom the evidence showed the debt to be due. While our statutes are very liberal upon the subject of amendments which the Appellate Court will deem made, there must be some limit beyond which we can not properly go. To aid the appellees, we should be required to pass that limit, according to our own adjudicated cases.

The question is decided adverse to appellees' contention in *Snyder* v. *State, ex rel.*, 21 Ind. 77, where the court says, with reference to a similar claim: "But it is claimed, that if the action was wrongfully brought in this respect, it could have been amended below, and will be deemed amended here. But, in our opinion, such a radical amendment as a total change of one of the parties to the action, or which is in substance the same thing, a total change of the person suing as relator can not be deemed to be made here."

This ruling is followed in *Taggart* v. *State, ex rel.*, 49 Ind. 42, and in five similar cases in following pages of that report.

If such steps had been taken in the court below, after attention was called to the point in question, as that a proper judgment had been rendered in accordance with the proof, there would then be greater force in the argument of counsel. *Hubler* v. *Pullen*, 9 Ind. 273; *Pittsburgh, etc., R. W. Co.* v. *Martin*, 82 Ind. 476.

The petition for a rehearing is overruled.

Filed Jan. 24, 1894.