SPEEDWAY REALTY CO. ET AL. *v.* GRASSHOFF REALTY CORP. ET AL.

[No. 30,982. Filed May 31, 1966. Rehearing denied July 12, 1966. Motion to re-consider denied November 29, 1966.]

*William A. Wick, Carl T. Reis, George C. Forrey, III, Edward B. Raub, Jr.,* and *Jacob S. White,* all of Indianapolis, for appellant.

*Hezzie B. Pike, John D. Raikos, James K. Northam* and *Raikos, Barton, Rochford & Thomas* and *Bowen, Myers, Northam & Givan,* of counsel, all of Indianapolis, for appellee.

RAKESTRAW, C. J.—This case comes to use on petition to transfer from the Appellate Court. [For Appellate Court opinion see *Speedway Realty Company* v. *Grasshoff Realty Corp.* (1965), 206 N. E. 2d 632.]

The appellee Herbert F. Grasshoff rented certain real estate from the appellant Lemon H. Trotter beginning in 1940. Over a period of years, a drive-in restaurant was operated on the rented premises. In about 1955, the appellee and the appellants started discussing arrangements concerning some additional land, a new building, and a 99 year lease arrangement. In the negotiations, there were discussions about the formation of a corporation. The corporation, Grasshoff Realty Corporation, was organized. A detailed written lease was prepared, but the lease was never executed by the appellants Lemon Trotter or the Speedway Realty Company. Various steps were taken including the partial completion of a building. The parties then fell out, and the entire arrangement was terminated.

The Grasshoff Realty Corporation filed a suit against the appellants asking for damages in the sum of $50,000.00 and that the appellants be compelled to execute and deliver a 99 year lease of the real estate. In the alternative, a judgment for $125,000.00 was requested. After this case was taken to Hancock County on a change of venue, it was ultimately tried and a judgment of $1,000.00 was rendered in favor of Grasshoff Realty Corporation on December 9, 1960.

In that action, the appellee Herbert F. Grasshoff represented the Grasshoff Realty Corporation. The suit was brought at his initiative and was directed by him at all times. He was its president, principal stockholder, and manager. In that action, he maintained that he was at all times acting for and on behalf of the Grasshoff Realty Corporation in all of the negotiations and contractual relations. He further alleged, and the evidence tended to establish that all of his acts, deeds, and agreements were ratified, adopted, and approved by the Grasshoff Realty Corporation, and deemed to be the acts of said corporation.

On January 18, 1961, the appellee Herbert F. Grasshoff individually filed his action for damages against the appellant. It is this second suit that is now the subject of this appeal. In this action the Grasshoff Realty Corporation was made a party defendant, and essentially the same facts were alleged as had been alleged in the previous action. The appellee alleged "Defendants Speedway Realty Company and Lemon H. Trotter agreed with plaintiff that defendants would *lease said above described real estate to plaintiff's corporation* for 99 years . . ."

The trial court found that the Grasshoff Realty Corporation had no interest in the action and rendered judgment for the appellee Herbert F. Grasshoff for $83,000.00.

From the record, it appears that the evidence was substantially the same in both suits. The undisputed evidence does show that the Grasshoff Realty Corporation was formed, that it did ratify and accept all the acts of its president, the appellee. The evidence also shows that many of the items of expenditure which the appellee claims in his complaint as damages were paid by checks drawn on Grasshoff Realty Corporation. In those instances where the checks were not drawn on Grasshoff Realty Corporation, the testimony of the appellee shows that they were expenditures incurred by him on behalf of said Grasshoff Realty Corporation. He testified that some

of the expenditures were considered by him as loans to the corporation.

From an examination of the voluminous record and the briefs filed at various stages, it is evident that there has been a great deal of confusion in the issues throughout the litigation. Among other issues raised it has been urged that the judgment in the previous suit filed by the Grasshoff Realty Corporation constituted res judicata as to the issues raised in the suit below. However, in our opinion a single issue is sufficient to determine the case.

It is fundamental that "Every action must be prosecuted in the name of the real party in interest, . . ." [Burns' Ind. Stat. Anno. § 2-201 (1946 Repl.)]. In the case of *Cutshaw et al.* v. *Fargo* (1893), 8 Ind. App. 691, 696, 34 N. E. 376, the Appellate Court held that the stockholders of a corporation had no standing to sue in their individual names for breach of a contract made with the corporation. The Appellate Court made the following statement:

"The stockholders are not, in legal contemplation, the real parties in interest in the claim proved in this case. . . . Whatever interest these stockholders may finally have in such proceeds will be not a direct interest in this particular cause of action, but a general interest in all the assets of the corporation, to be received in due time and proper manner from the corporation."

It is true that in the present case, the Grasshoff Realty Corporation was not in existence at the time of the preliminary negotiations. However, it is well settled that,

"If after it comes into existence, a corporation expressly or impliedly ratifies a contract made for its benefit by its organizers before it was formed, such contract becomes the contract of the corporation and it is entitled to the benefits thereof and is liable thereon." [Cases cited.] *Boatright* v. *Steinite Radio Corp.* (1931), 46 F. 2d 385, at 388.

This court has held in the case of *Smith* v. *Parker* (1897), 148 Ind. 127, 134, 45 N. E. 770, that a promoter's contract made on behalf of a corporation to be formed became the contract of the corporation when subsequently approved by it and afterwards the promoter-stockholder has no standing to sue. This court said:

> "The second paragraph sufficiently shows that the new corporation had knowingly received some of the benefits of said contract. And, therefore, it sufficiently appears that the new corporation had accepted and adopted the contract sued on, and as that contract is the obligation of the defendant to the new corporation and to nobody else, the question arises whether the appellant though a stockholder in the new corporation has any right of action for a breach of that contract; or in other words, does a breach of that contract make a cause of action in his favor against the defendant. That question has been answered in the negative by this court in *Tomlinson* v. *Bricklayers' Union, etc.*, 87 Ind. 308. It was there held that a cause of action in favor of a private corporation could not constitute a cause of action in favor of one of its stockholders. . . ."

The authorities are uniform that a contract of a corporation, or a contract made by the promoters and subsequently adopted by the corporation can be enforced only through an action brought by the corporation. See C. J. S. Corporations § 133, and 6 West's I. L. E. Corporations § 131.

Under the pleadings and the evidence in this case, a personal judgment for the appellee Herbert F. Grasshoff cannot be sustained, therefore the judgment of the trial court must be reversed. This cause is therefore reversed and remanded to the trial court with instructions to enter judgment below for appellant.

Arterburn and Jackson, JJ., concur. Achor and Myers, JJ., not participating.

NOTE.—Reported in 216 N. E. 2d 845.