CHARLES D. SMITH *v.* MARTIN H. KINNEY.

[No. 3-574A93. Filed December 10, 1975.]

*Zarko Sekerez*, of Merrillville, for appellant.

*Nick Katich, Robert K. Addison, Addison, Stiles and Greenwald*, of Gary, for appellee.

STATON, P.J.—The present case was tried by jury. The only issue presented for review is whether the trial court

erred in granting defendant Kinney's motion for a directed verdict at the close of plaintiff's case. We conclude that there was no error, and the judgment of the trial court is affirmed.

On October 29, 1964, Charles Smith allegedly applied to the Board of Directors of the Merrillville Conservancy District for the annexation of certain real estate. On April 27, 1965, the property was annexed. Smith alleged that he was represented in the annexation proceedings by Martin Kinney and that Kinney's representation involved a conflict of interest because Kinney, during the annexation proceedings, was a member of the Board of Directors of the Merrillville Conservancy District and also represented the District as its attorney in various legal matters. Smith alleges that, because of this undisclosed conflict, he was damaged.[1]

When a motion for judgment on the evidence (directed verdict) is made under Trial Rule 50 of the Indiana Rules of Procedure:

"[T]he court must draw all fair and rational inferences from the evidence in favor of the party opposing the motion, and to that party give every favorable intendment of the evidence, and a judgment can not be entered unless there is insufficient evidence to sustain a verdict for the non-moving party." 3 W. F. HARVEY, INDIANA PRACTICE § 50.3, at 370 (1970).

*See also Mamula* v. *Ford Motor Co.* (1971), 150 Ind. App. 179, 275 N.E.2d 849; *Farmer* v. *Werner Transportation Co.* (1972), 152 Ind. App. 609, 284 N.E.2d 861.

"[A] defendant's TR. 50 motion should be granted at the end of plaintiff's case only when there is a lack of reasonable evidence of probative value upon one or more of the vactual *[sic]* issues necessary to support a verdict, and there is no reasonable inference that can be drawn from such evidence in favor of plaintiff." *Miller* v. *Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701, 707.

The evidence viewed most favorably to the plaintiff reveals that Smith, individually, was not the owner of the

1. The damage, if any, is not clear from a reading of Smith's brief.

land when the annexation proceedings were going on, that Smith did not individually retain the services of Kinney, and did not pay Kinney for the services rendered. A corporation, Consolidated Builders Corp., of which Smith was an officer and a stockholder, owned the land and, by Smith as its president, sought to have the land annexed to the Merrillville Conservancy District.[2] It is well-settled that a "corporation is a legal entity separate and distinct from its stockholders, individually or collectively considered." *Benner-Coryell Lumber Co.* v. *Indiana Unemployment Compensation Bd.* (1940), 218 Ind. 20, 25, 29 N.E. 2d 776, 778. The stockholders or directors of a corporation cannot recover upon causes of action belonging to the corporation. *Cutshaw* v. *Fargo* (1893), 8 Ind. App. 691, 34 N.E. 376.

Trial Rule 17 provides: "Every action must be prosecuted in the name of the real party in interest." Clearly, Consoli-

---

2. Smith's counsel apparently believed that Smith and Consolidated Builders Corp. were one and the same because of Smith's status as an officer and a stockholder of the corporation:

"BY MR. SEKEREZ: Your Honor, they are raising a technicality because he used the name Consolidated Builders which he is a president, owner, it is a family corporation."

\* \* \*

"BY MR. SEKEREZ: This was a family corporation which was owned by Mr. Smith and he was the president of the corporation, it is nothing but a paper corporation."

\* \* \*

"BY MR. SEKEREZ: Your Honor, we are trying to show that Consolidated Builders and Mr. Smith are the same people."

\* \* \*

"BY THE COURT: Today by all the evidence that has been introduced that has any relationship to it, is that the Consolidated Builders Company, an Illinois corporation, owned this property."

"BY MR. SEKEREZ: And his family owned all the stock."

\* \* \*

"BY THE COURT: Sir, as of record legally I said before, I said before that a corporation is as much of an individual as an individual in the eyes of the law, right?"

"BY MR. SEKEREZ: No, it isn't right."

dated Builders Corp. is the real party in interest, and Smith, individually, has suffered no damage. *See also Speedway Realty Co.* v. *Grasshoff Realty Corp.* (1966), 248 Ind. 6, 216 N.E.2d 845.

The judgment of the trial court is affirmed.

Hoffman, J. and Garrard, J., concur.

NOTE.—Reported at 338 N.E.2d 507.