FILED

Dec 18 2019, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Steven C. Shockley
Blake J. Burgan
Chou-il Lee
Taft Stettinius & Hollister LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Rebecca R. Vent
Katherine J. Noel
Noel Law
Kokomo, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

City of Kokomo, Indiana,

*Appellant-Plaintiff,*

v.

Estate of Audra R. Newton,

*Appellee-Defendant.*

December 18, 2019

Court of Appeals Case No.
19A-PL-1321

Appeal from the Howard Superior
Court

The Honorable Brant J. Parry,
Judge

Trial Court Cause No.
34D02-1612-PL-937

**Najam, Judge.**

## Statement of the Case

[1] The City of Kokomo ("the City") appeals from the trial court's judgment in favor of the Estate of Audra R. Newton ("the Estate") following a jury trial on the issue of damages in this condemnation proceeding. The City raises a single dispositive issue for our review, namely, whether the trial court erred when it

denied the City's motion for a directed verdict at the close of the evidence at trial. We reverse and remand with instructions.

## Facts and Procedural History

[2]   At the time of her death in December 2015, Audra Newton ("Audra") owned two contiguous parcels of real property in Kokomo, one at 226 South Union Street ("Union Street parcel") and the other at 226 North Main Street ("Main Street parcel"). For many years, both parcels were used by The Kokomo Glass Shop, Inc. ("Kokomo Glass"), a company owned by Audra. In her will, Audra devised both parcels to her son, Bradley Newton ("Bradley").

[3]   On December 12, 2016, the City filed a complaint against the Estate to condemn the Main Street parcel. On that date, the Estate was the owner of record. The Estate did not object to the taking, and the trial court appointed three appraisers to assess the Estate's damages from the taking as provided under Indiana Code Section 32-24-1-9 (2019). On July 27, 2017, the appraisers filed a report finding that the fair market value of the Main Street parcel was $100,000. The appraisers also found that the taking of the Main Street parcel would cause an additional $43,000 in damages to the residue,[1] the Union Street

---

[1] Indiana Code Section 32-24-1-9(c) provides in relevant part that an appraiser shall determine the "damages, if any, to the residue of the property of the owner or owners caused by taking out the part sought to be acquired." The "residue" in a condemnation proceeding is the real property that remains in the owner's possession after a partial taking. *See Unger v. Ind. & Mich. Elec. Co.*, 420 N.E.2d 1250, 1259 (Ind. Ct. App. 1981). Here, because the two parcels shared unity of title, unity of use, and contiguity, the parties agreed to treat the Union Street parcel as residue of the taking of the Main Street parcel. *See State v. Church of Nazarene of Logansport*, 268 Ind. 523, 377 N.E.2d 607, 609 (1978).

parcel, for a total of $143,000 in damages. Accordingly, pursuant to Indiana Code Section 32-24-1-10, the City deposited that amount with the trial court clerk and moved the court to grant the City possession of the Main Street parcel. The trial court granted the motion and continued the cause of action for the purpose of resolving the dispute between the City and the Estate as to the amount of damages.

[4] When the City took title to the Main Street parcel, Kokomo Glass, which had operated its business from both parcels, was unable to continue operations. Accordingly, Kokomo Glass moved its business, and the Estate offered the Union Street parcel for sale. At that time, Bradley's son Wesley Newton ("Wesley"), was responsible for the day-to-day operations of Kokomo Glass.

[5] On September 7, the Estate timely filed exceptions[2] to the appraisers' assessment of damages and moved the trial court for a jury trial on damages. The court granted that motion and set the matter of damages for a jury trial. Prior to trial, the City offered to settle with the Estate for $160,000. The Estate rejected that offer. Also prior to trial, the City filed a motion *in limine* to exclude from trial evidence of Kokomo Glass' relocation expenses and lost

---

[2] "Any party to [a condemnation] action . . . aggrieved by the assessment of benefits or damages in a report of the appraisers may file written exceptions to the assessment in the office of the circuit court clerk." Ind. Code § 32-24-1-11.

profits caused by the condemnation of the Main Street parcel as irrelevant to the taking. The trial court denied that motion.

[6] At the close of the evidence at trial in March 2019, the City moved for a directed verdict alleging that, while the Estate had presented evidence of damages to the Union Street property sustained by Kokomo Glass, it had not presented evidence that the Estate had sustained any such damages. The trial court denied that motion. At the conclusion of trial, the jury awarded the Estate $305,600 in damages, including the $100,000 for the taking of the Main Street parcel and $205,600 for damages to the Union Street parcel. The trial court entered judgment against the City for $305,600 plus 8% interest per annum from the date of the taking, and the court awarded the Estate litigation expenses in the amount of $25,000.[3] Both parties filed motions to correct error, which the trial court denied. This appeal ensued.

---

[3] Indiana Code Section 32-24-1-14 provides in relevant part that, in a condemnation proceeding,

> if there is a trial and the amount of damages awarded to the defendant by the judgment . . . is greater than the amount specified in the last offer of settlement made by the plaintiff . . . , the court shall allow the defendant the defendant's litigation expenses, including reasonable attorney's fees, in an amount not to exceed the lesser of:
>
> (1) twenty-five thousand dollars ($25,000); or
>
> (2) the fair market value of the defendant's property or easement as determined under this chapter.

# Discussion and Decision

[7]     The City contends that the trial court erred when it denied its motion for a directed verdict at the close of the evidence at trial. Indiana Trial Rule 50(A) provides in part:

> Where all or some of the issues in a case tried before a jury or an advisory jury are not supported by sufficient evidence or a verdict thereon is clearly erroneous as contrary to the evidence because the evidence is insufficient to support it, the court shall withdraw such issues from the jury and enter judgment thereon or shall enter judgment thereon notwithstanding a verdict.

A directed verdict is proper only if all or some of the issues are not supported by sufficient evidence. *Perez v. Hu*, 87 N.E.3d 1130, 1134 (Ind. Ct. App. 2017). "'We will examine only the evidence and the reasonable inferences that may be drawn therefrom that are most favorable to the nonmovant, and the motion should be granted only where there is no substantial evidence supporting an essential issue in the case.'" *Id.* (quoting *Think Tank Software Dev. Corp. v. Chester, Inc.*, 30 N.E.3d 738, 744 (Ind. Ct. App. 2015), *trans. denied*). A directed verdict or judgment on the evidence is improper if there is evidence that would allow reasonable people to differ as to the result. *Id.*

[8]     As this Court has observed, "the fundamental purpose of our statutory eminent domain scheme is to ensure *landowners* are given just compensation when their property is taken." *Southern Ind. Gas and Elec. Co. v. Russell*, 451 N.E.2d 673, 675 (Ind. Ct. App. 1983) (emphasis added). As a general rule, in determining the appropriate amount of damages in an eminent domain action, all of the

landowner's interest is compensable, including the rights of ingress, egress, and air space. *Id.* "When land is appropriated under the power of eminent domain, just compensation has been held to be the fair market value of the acquired property at the time of the taking." *Id.* at 675-76.

[9] The City contends that the Estate presented no evidence at trial that it had sustained any damages in excess of the $100,000 in damages for the taking of the Main Street parcel. The City points out that each element of additional damages alleged at trial were damages to Kokomo Glass, which is not only a separate entity from the Estate but is not an owner of either parcel. The City maintains that the only damages it owes to the Estate is $100,000, which is the fair market value of the Main Street parcel. We must agree.

[10] The undisputed evidence shows that Kokomo Glass is an S corporation with Bradley as its sole shareholder.[4] Bradley is also the personal representative of the Estate, and, following Audra's death, he inherited the fee simple title to both parcels. Bradley testified that Kokomo Glass paid rent for its use of the parcels to Audra, then to the Estate, and then to him. The Estate is the only named defendant in this action, as the Estate was the owner of record when the City filed its complaint. By the time of the jury trial on damages, neither Bradley nor Kokomo Glass had been joined as a party to this action.

---

[4] For income tax purposes, an S corporation owned by a single shareholder is a disregarded entity. However, for all other purposes, an S corporation is a legal entity separate from its shareholder(s).

[11]     In its brief, the Estate avers that "the *Newtons*" introduced at trial "ample evidence . . . that *they* suffered residual damages ranging from the cost of appraisals, reconstruction of glass shelving, moving of signage, increased advertising, a new website, new business cards, invoices and office supplies, along with labor costs to move the contents of Union Street." Appellee's Br. at 8-9 (emphases added). But the Estate does not direct us to any evidence that *the Estate* had sustained such damages. Rather, Bradley and Wesley both testified that Kokomo Glass had sustained damages as a result of the taking of the Main Street parcel in excess of $80,000. Wesley testified first, and during his testimony, the City objected to his description of Kokomo Glass' damages. The City asserted that the Estate, not Kokomo Glass, owned the parcels and Kokomo Glass could not, therefore, "make damage claims for the taking of the property [it] did not own." Tr. Vol. 2 at 202. Counsel for the Estate responded, "but the owner of the glass company owns the property. I mean, it's all intertwined." *Id.* at 203. The City countered that the Estate and Kokomo Glass "are separate entities." *Id.* at 207. The trial court overruled the City's objection.

[12]     Then, at the close of the evidence, the City moved for a directed verdict stating in relevant part:

> We are asking that the Court find that a verdict should be directed, that damages to a third party, Kokomo Glass, not be allowed, and that we are here only for the damages to the . . . Main Street property. Any damages that have been alleged, attempted to prove, have been by the tenant who has no standing.

Tr. Vol. 3 at 8. The Estate responded as follows:

> If this was a concern for the City, they certainly should have
> brought it up long, long ago because if, they've known about this
> scenario and we've litigated it this way from day one. Not once
> did the City ever address this as an issue. Brad is one [and] the
> same. He is personal representative of the Estate and Kokomo
> Glass. Therefore, he is the party. He is the party and the
> damages are both to the Estate and to Kokomo Glass.

*Id.* at 11-12.[5] The trial court denied the motion.

[13] As our Supreme Court has explained,

> [a] real party in interest . . . is the person who is the true owner of
> the right sought to be enforced. *Bowen v. Metro Bd. of Zoning
> Appeals* (1974), Ind. App., 317 N.E.2d 193. He or she is the
> person who is entitled to the fruits of the action. *Cook v. City of
> Evansville* (1978), Ind. App., 381 N.E.2d 493.
>
> Indiana Trial Rule 17(A) states that "[e]very action shall be
> prosecuted in the name of the real party in interest." As
> evidenced by the clear language in Trial Rule 17, it encourages
> allowing the real party in interest to be joined or substituted in
> the action:

---

[5] On appeal, the Estate contends that, "[f]rom the inception of the eminent domain case," the City has consistently treated the Estate, Bradley, and Kokomo Glass as "one entity" and that "justice dictates that the City should not be able to prevail on appeal by claiming form over substance and procedural complexity over facts." Appellee's Br. at 14. In support of that contention, the Estate cites to this Court's opinion in *General Finance Corp. v. Skinner*, 426 N.E.2d 77 (Ind. Ct. App. 1981). We find *General Finance* inapposite. And the Estate's contention is not supported by the record. The City consistently objected to the admission of evidence of damages attributable to Kokomo Glass rather than the Estate. Before trial, the City filed a motion in limine to exclude such evidence as irrelevant. During trial, the City objected to the admission of such evidence. And at the close of the evidence, the City moved for a directed verdict based on the total lack of evidence of damages to the residue incurred by the Estate.

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time after objection has been allowed for the real party in interest to ratify the action, or to be joined or substituted in the action.
>
> T.R. 17(A)(2). Trial Rule 17 also clearly states that the substitution of a real party in interest relates back to the date the initial complaint was filed. "Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced initially in the name of the real party in interest." *Id.*

*Hammes v. Brumley*, 659 N.E.2d 1021, 1030 (Ind. 1995). Further, as this Court has explained, "[i]t is well-settled that a 'corporation is a legal entity separate and distinct from its stockholders, individually or collectively considered.' The stockholders or directors of a corporation cannot recover upon causes of action belonging to the corporation." *Smith v. Kinney*, 167 Ind. App. 202, 338 N.E.2d 507, 509 (1975) (quoting *Benner-Coryell Lumber Co. v. Ind. Unemployment Comp. Bd.*, 218 Ind. 20, 29 N.E.2d 776, 778 (1940)).

[14] Here, when the parties were discussing final jury instructions with the trial court, the Estate moved to "amend the pleadings to add Kokomo Glass Shop to the caption of this action." Tr. Vol. 3 at 47. In particular, the Estate told the trial court:

> As stated yesterday, we have pursued this case from day one with the expressed and implied consent of the City that we are including Kokomo Glass Shop. *We tried this entire case on damages of Kokomo Glass Shop.* Therefore, it would be appropriate at this point in time to amend the caption and add Kokomo Glass Shop

> to comply with the evidence that was presented to the jury, Judge.

*Id.* (emphasis added). After some discussion, however, and without explanation, the Estate withdrew its motion.

[15] We hold that the trial court erred when it denied the City's motion for a directed verdict. The record is clear that the only evidence of damages presented at trial, other than the agreed-upon $100,000 for the Main Street parcel, were damages allegedly incurred by Kokomo Glass. The Estate's attempt to conflate Kokomo Glass with the Estate or with Bradley is not well taken. They are not "one and the same" as the Estate argued at trial. While Bradley is both the sole shareholder of Kokomo Glass and the personal representative of the Estate, only the Estate is a party to this matter, and it is a separate entity from Kokomo Glass. The Estate did not present any evidence that it had incurred damages related to the Union Street parcel, which was the sole issue before the jury. The City was entitled to a directed verdict awarding damages to the Estate of $100,000 for the condemnation of the Main Street parcel, which damages the City conceded.[6] *See, e.g.*, *Smith*, 338 N.E.2d at 509

---

[6] Because we reverse on this ground, we need not decide what damages, if any, Kokomo Glass, a tenant, would have been entitled to recover had it been added as a party to this matter. "The holder of an unexpired leasehold interest in land is entitled to just compensation under the Fifth Amendment, for the value of that interest when the land is taken by eminent domain." *Ind. Grocery Co. v. Crosby Props. Co.*, 578 N.E.2d 780, 782 (Ind. Ct. App. 1991), *trans. denied*. "Tenants are thus entitled to compensation for an unexpired term of a lease terminated by condemnation." *Id.*

(affirming directed verdict for defendant where plaintiff alleging damages was not real party in interest).

[16] We reverse and remand to the trial court with instructions to enter judgment in favor of the Estate in the amount of $100,000 plus prejudgment interest of 8% per annum since August 8, 2017, the date of the taking. In addition, because the damages award is less than the amount the City had offered to settle this matter one year prior to trial, the Estate is not entitled to litigation expenses. *See* I.C. § 32-24-1-14; *City of Mishawaka ex rel. Dep't of Redev. v. Fred W. Bubb Funeral Chapel, Inc.*, 469 N.E.2d 757, 761 (Ind. Ct. App. 1984), *trans. denied*.

[17] Reversed and remanded with instructions.

Vaidik, C.J., and Tavitas, J., concur.